13984, 13985.  GEORGIA RAILROAD & BANKING CO. *et al.* v. BROOKS (two cases).

STEPHENS, J. 1. These being suits, one by a minor to recover damages for personal injuries alleged to have been received by him as a result of the defendant's negligence, and the other by a parent for loss of service of the minor, alleged as resulting from the same negligence of the defendant, and the defendant not having pleaded the negligence of the plaintiff in reduction or mitigation of damages, and such defense not being directly involved in the case as made by the evidence, the failure to charge the law in respect to comparative negligence was not error, in the absence of a written request, where the judge in his charge fairly and fully submitted to the jury the law upon the question of negligence as affecting the right of either the plaintiff or the defendant to recover. *Savannah Electric Co.* v. *Crawford,* 130 *Ga.* 421, 60 S. E. 1056) ; *W. & A. R. Co.* v. *Jarrett,* 22 *Ga. App.* 313 (3) (96 S. E. 17).

2. While a carrier is not in every instance under a duty to exercise extraordinary care with reference to the safety of its passengers, yet where in a particular case a passenger is injured under circumstances requiring the exercise of extraordinary care, a charge that " if the plaintiff

was a passenger " of the defendant at the time of his alleged injury, the law required of the defendant the exercise of extraordinary care to protect his life and person was not error.

3. A carrier of passengers, when discharging a passenger from its trains, is under a duty to exercise extraordinary care for his safety. This duty continues until the passenger has been conducted to a place where he has some freedom of locomotion and can in a measure look out for his own safety. Where a train stops some distance from the station, and the passengers are informed by the servants of the carrier that the train will go no further, and that all passengers should disembark at that point, and where a passenger disembarks and, on account of the physical surroundings, is, in making his egress from the train, confined to a narrow and limited space of ground, with no choice or freedom of movement, he will not be deemed to have been discharged as a passenger until he has traversed such limited and restricted space; and so long as he is confined and restricted in his movements to such space as has been designated to him by the carrier as the only method of egress from the train, the carrier is under a duty to exercise extraordinary care for his protection and safety. See, in this connection, *Southern Ry. Co.* v. *Reeves*, 116 *Ga.* 743 (42 S. E. 1015).

4. The undisputed evidence shows that the plaintiff was injured by stepping into a steam-pit alongside the car from which he had alighted as a passenger, and that the steam-pit was located in a narrow space between two trains on adjacent parallel tracks, a distance of about four feet, and that if the plaintiff was injured while disembarking from the train and making his way to the station, he necessarily passed over this narrow and limited space of ground where the steam-pit was located. Therefore, the charge of the court, that if the plaintiff, after arriving at the point of destination, disembarked from one of the coaches and was making his way to the station, he was a passenger, and that as *such* passenger the railroad company was under a duty to exercise extraordinary care for his safety, was not error, as applicable to the facts of the case.

5. The evidence authorizing the inference that the minor plaintiff was severely scalded by stepping into a steam-pit on the line of egress from the coach, when being discharged as a passenger by the defendant company, and that such injuries were permanent and were caused by the negligence of the defendant, a verdict for such plaintiff in the sum of $2,500 was authorized by the evidence and was not excessive. The evidence also authorized the inference that the parent plaintiff suffered a deprivation of services of the minor to the extent of the verdict rendered in the sum of $800, and that such loss of services was caused by the negligence of the defendant.

*Judgment affirmed in both cases. Jenkins, P. J., and Bell, J., concur.*

Decided August 24, 1923. Rehearing denied September 25, 1923.

Action for damages; from city court of Atlanta — Judge Reid. September 23, 1922.

*McDaniel & Neely,* for plaintiff in error.

*D. P. Phillips, Harwell, Fairman & Barrett,* contra.