A93A2177. KROGER COMPANY v. BARENTINE.
(437 SE2d 629)

BLACKBURN, Judge.

The underlying action is based on a complaint sounding in negligence brought by Dale Barentine against The Kroger Company (Kroger). Upon the trial of the case, the jury returned a verdict in favor of Barentine. Kroger appeals the trial court's denial of its motion for directed verdict, its motion for j.n.o.v., and, alternatively, its motion for new trial.

Barentine entered Kroger at approximately 3:45 a.m., to purchase a box of cigars. On his way to check out, he slipped and fell on a puddle of a clear liquid near the check-out counter. Kroger contends that during his testimony at trial, Barentine contradicted his earlier deposition testimony and that this contradiction, construed against him, demanded a directed verdict in favor of Kroger. On deposition, Barentine testified on cross-examination, "If I hadn't have looked towards Andre and said, 'I'm ready to check,' like I usually do when he's working, 'Andre, I'm ready to check,' because I'm in a hurry, I'm ready to go. And if I had not been saying that and been just right straight with my eyes on the floor I'd seen — I wouldn't —." Kroger's counsel then asked, "You would not have any trouble seeing it?" Barentine responded: "No. I'm sure I wouldn't because I've been in too many times." At trial, Kroger's counsel asked Barentine, "If you had been looking where you were going walking towards the check-out line and looked down you would not have had any trouble seeing that puddle there, would you?" In response, Barentine testified, "Sir,

I was watching where I was going, but the floor was clear and I could not see it if I had a magnifying glass, if I was looking right down through it." Kroger's counsel then attempted to impeach Barentine with his deposition testimony. Whether Barentine was successfully impeached is a question for the jury. *Jackson v. Riviera Dev. Corp.*, 130 Ga. App. 146 (1) (202 SE2d 545) (1973).

Kroger argues that the trial court should have construed Barentine's contradictory testimony against him and granted Kroger's motion for directed verdict based on Barentine's failure to exercise ordinary care for his own safety by failing to watch where he was walking, where he admits he could have seen the puddle had he done so. We agree that Barentine's contradictory testimony was to be construed against him, see *Douglas v. Sumner*, 213 Ga. 82, 85 (97 SE2d 122) (1957). "Where the favorable portion of a party's self-contradictory testimony is the only evidence of his right to recover . . . the opposing party is entitled to a directed verdict." *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680) (1986).

The conflict in the plaintiff's testimony on deposition and at trial when construed against him, entitled defendant to a directed verdict and the trial court erred in denying Kroger's motion for directed verdict and for j.n.o.v.

*Judgment reversed. Birdsong, P. J., and Johnson, J., concur. McMurray, P. J., disqualified.*

DECIDED OCTOBER 21, 1993 —
RECONSIDERATION DENIED NOVEMBER 8, 1993

*Webb, Carlock, Copeland, Semler & Stair, Douglas A. Wilde*, for appellant.
*Drew, Eckl & Farnham, John G. Blackmon, Jr.*, for appellee.