S94G0308. BARENTINE v. THE KROGER COMPANY.
(443 SE2d 485)

SEARS-COLLINS, Justice.

We granted certiorari in this case, *The Kroger Co. v. Barentine*, 210 Ga. App. 795 (437 SE2d 629) (1993), to consider whether the Court of Appeals correctly applied the rules applicable to the contradictory testimony of a party witness, *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680) (1986). We conclude that it did not correctly apply one of those rules and thus erred by ruling that the trial court should have granted The Kroger Company's motion for a directed verdict.

"Barentine entered Kroger at approximately 3:45 a.m., to purchase a box of cigars. On his way to check out, he slipped and fell on a puddle of a clear liquid near the check-out counter." *Barentine*, 210 Ga. App. at 795. In his deposition, Barentine testified that he could have seen the clear liquid if he had been looking down towards it as he walked toward the check-out counter. At trial, however, Barentine stated that he could not have seen the clear liquid if he had

---

been looking down at it as he walked toward the check-out counter. The Court of Appeals ruled that these statements were in conflict concerning whether Barentine could have seen the liquid if he had been looking down, and had to be construed against him. Id. at 795-796. Further, citing the rule that " '[w]here the favorable portion of a party's self-contradictory testimony is the only evidence of his right to recover . . . the opposing party is entitled to a directed verdict[,]' " id. at 796 (quoting *Prophecy*, 256 Ga. at 28) the Court of Appeals held that the favorable portion of Barentine's testimony was the only evidence to satisfy one of the elements of his slip and fall action — that he had exercised reasonable care for his own safety, see *Food Giant v. Cooke*, 186 Ga. App. 253, 257 (2) (366 SE2d 781) (1988) — and that the trial court erred by denying Kroger's motion for a directed verdict. *Barentine*, 210 Ga. App. at 796.

We agree with the Court of Appeals that the portions of Barentine's testimony set forth above are contradictory and had to be construed against Barentine, as no reasonable explanation was offered to explain the contradiction. *Prophecy*, 256 Ga. at 30. However, we disagree that the favorable portion was the only evidence that Barentine exercised reasonable care for his own safety. At his deposition and at trial, Barentine maintained he in fact was not looking down at the floor as he approached the spot where he slipped and fell near the check-out line, and he offered a specific reason for not doing so. Barentine testified that when he entered the store, he saw the person who he recognized from prior late night visits as the nighttime cashier; that that person was standing away from the only open cash register; that as he was walking towards the check-out line he saw the cashier standing in the same place he was when Barentine had entered the store; that Barentine looked at the cashier as he was walking toward the check-out line so that he could tell him he was ready to check out; and that as he told the cashier he was ready to check out, he slipped and fell. This testimony is some evidence that Barentine exercised reasonable care for his own safety in approaching the check-out counter. See *Food Giant*, 186 Ga. App. at 257. The evidence thus did not demand a finding that Barentine failed to exercise reasonable care, id.; OCGA § 9-11-50, and the Court of Appeals erred by ruling that the trial court should have granted a directed verdict for Kroger, § 9-11-50.

*Judgment reversed. All the Justices concur, except Hunt, C. J., and Hunstein, J., who concur in the judgment only.*

DECIDED MAY 31, 1994.

*Drew, Eckl & Farnham, John G. Blackmon, Jr.,* for appellant.

*Webb, Carlock, Copeland, Semler & Stair, Douglas A. Wilde, Gregory H. Wheeler,* for appellee.