A94A1303. J. H. HARVEY COMPANY, INC. v. KINCHEN et al.
(446 SE2d 218)

BLACKBURN, Judge.

We granted this interlocutory appeal to review the trial court's denial of defendant J. H. Harvey Company's motion for summary judgment. Benny and Hazel Kinchen filed the underlying action to recover damages for injuries Benny Kinchen sustained when he

slipped and fell on defendant's premises.[1]

Kinchen slipped and fell in a clear liquid which had accumulated on the floor near the frozen food freezers in J. H. Harvey Company's store. Kinchen's fall occurred after he had walked to the middle of aisle ten, turned around, and retraced his steps to follow his mother. As he walked down aisle ten for the second time, Kinchen slipped in a stream of water "a couple of feet long" originating under one of the coolers.

"In order to recover for a slip and fall resulting from a foreign substance such as water . . . , not only must the plaintiff show that the defendant had knowledge of the presence of the foreign substance, but the plaintiff must also show that he was without knowledge of its presence. The customer must exercise ordinary care for his own safety, and must by the same degree of care avoid the effect of the merchant's negligence after it becomes apparent to him or in the exercise of ordinary care he should have learned of it. He must make use of all his senses in a reasonable measure amounting to ordinary care in discovering and avoiding those things that might cause hurt to him." (Citations and punctuation omitted.) *Smith v. Wal-Mart Stores*, 199 Ga. App. 808, 810 (406 SE2d 234) (1991).

Kinchen deposed that the pool of water was big enough that if he had been looking down, he could have seen it on the floor. In his affidavit, filed in response to defendant's motion for summary judgment, Kinchen averred that he had looked on the floor ahead of him and did not see any foreign substance on the floor.

Summary judgment is appropriate in situations where the hazardous condition was visible to the plaintiff, had the plaintiff looked. See *Jester v. Ingles Market*, 206 Ga. App. 327, 329 (425 SE2d 323) (1992); *Smith v. Wal-Mart*, supra. "In addition, contrary to [his] contentions, [defendant] did not have a duty to warn [him] of the hazardous condition of which [he] had equal knowledge. [Cit.]" *J. H. Harvey Co. v. Johnson*, 211 Ga. App. 809, 811 (440 SE2d 548) (1994).

The Supreme Court's opinion in *Barentine v. Kroger Co.*, 264 Ga. 224 (443 SE2d 485) (1994), is not controlling. In *Barentine*, the plaintiff deposed that he could have seen the liquid on the floor had he looked. Barentine also testified however that as he approached the checkout counter he looked over to the cashier, who was standing away from the checkout point, so that he could tell her he was ready to check out. The Supreme Court held that "[T]his testimony is some evidence that Barentine exercised reasonable care for his own safety in approaching the check-out counter" and "[t]he evidence thus did not demand a finding that Barentine failed to exercise reasonable

---

[1] Hazel Kinchen asserted a claim for loss of consortium.

care . . . ," citing *Food Giant v. Cooke*, 186 Ga. App. 253, 257 (366 SE2d 781) (1988); *Barentine*, supra at 224. *Food Giant* provides that the movant for summary judgment has the burden of showing that there was no diversion attributable to it which had caused plaintiff's attention to be drawn away from the spilled liquid. In *Barentine*, the Supreme Court concluded that the act of looking toward the cashier was some evidence that plaintiff had met his duty of care and that the clerk's presence perhaps constituted a diversion attributable to defendant. How the passive presence of the cashier can constitute "the setting up of a distraction, by a sign or conduct, which will so divert the customer's attention as to be the proximate cause of his injury . . ." *Alterman Foods v. Ligon*, 246 Ga. 620 (272 SE2d 327) (1980), is not explained. To find that defendant therein had a duty to negate the possibility that Barentine had exercised due care pursuant to *Food Giant*, would be inconsistent with the Supreme Court's holding in *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991), wherein the Court held "the nonmoving party . . . must point to specific evidence giving rise to a triable issue. OCGA § 9-11-56 (e)." Id. at 491.

In any event, *Kinchen* involves no facts discernible to this court which would remotely authorize consideration of a distraction claim by plaintiff, if one had been made. Kinchen deposed that he could have seen the liquid had he been looking. By way of affidavit, Kinchen averred that as he walked down the aisle, he was keeping a proper lookout ahead, including observing the floor, and he did not see the clear liquid on the floor.

Under the facts, defendant was entitled to summary judgment.

*Judgment reversed. Birdsong, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JUNE 15, 1994 —
RECONSIDERATION DENIED JULY 13, 1994 — ▮

*Young, Clyatt, Turner, Thagard & Hoffman, James B. Thagard, J. Holder Smith, Jr.*, for appellant.
*H. B. Edwards III, O. Wayne Ellerbee*, for appellees.