## A96A0369. WILKES v. KROGER COMPANY.
(470 SE2d 506)

SMITH, Judge.

After purchasing groceries at Kroger, Rosie Lee Wilkes fell in the parking lot. She brought this action against Kroger, alleging that she fell on a granola bar wrapper, which, in the exercise of ordinary care, should have been discovered by Kroger. The trial court granted summary judgment to Kroger, and Wilkes appeals, raising eight enumerations of error. All enumerations involve a proprietor's duty to its patrons, and we address them all together. We affirm.

Wilkes testified on deposition that while walking through the parking lot looking for traffic and heading for her car, her foot "went out from under [her] and there [she] sat." She testified, "I don't know how it happened." She could surmise only that she slipped on a shiny aluminum granola bar wrapper, which her friend found nearby. Wilkes did not know how long the paper had been on the ground. She testified that a Kroger employee was approximately fifty feet away from her when she fell and was pushing a row of approximately ten grocery carts. Wilkes acknowledged that she did not know whether the employee could have seen the wrapper from where he was walking. She also acknowledged that she was not distracted, that she would have seen the wrapper had she been looking at the ground, and that if she had seen it, she would not have stepped on it. She did not know whether other employees knew of the presence of the wrapper, although she stated, "They had to have known it, because they were giving them out samples in there. . . . [T]hey had to . . . know they were going to throw them somewhere."

It is axiomatic that a plaintiff in a negligence case can prevail only if she shows that a defendant's negligence caused her injuries. See *Alterman Foods v. Ligon*, 246 Ga. 620, 624 (272 SE2d 327) (1980). Wilkes failed to make such a showing. She could only speculate that the wrapper caused her to slip and fall because the wrapper allegedly was found on the ground near where she fell. Wilkes showed only that she was in Kroger's parking lot and fell. This is insufficient to prove negligence on Kroger's part; to hold otherwise would amount to making the proprietor an insurer of his customer's safety. *Perkins v. Peachtree Doors*, 196 Ga. App. 878, 879 (397 SE2d 54) (1990).

Moreover, even assuming Wilkes slipped on the wrapper, the record is silent as to whether Kroger was aware of the existence of any hazardous condition. Nothing in the record shows the length of time the wrapper was on the ground so that any employee could have seen and removed it. Further, there is no evidence that an employee was in the immediate vicinity and could easily have seen and removed the alleged hazard. The only employee nearby was 50 feet away and was pushing several shopping carts. Wilkes admitted that she did

not know whether the employee could see the wrapper. Wilkes's speculation that Kroger employees "had to have known" that granola wrappers would be on the ground is not sufficient to raise a factual issue regarding constructive knowledge. Wilkes's speculations, "taken in the light most favorable to her, are merely conclusions and are probative of nothing." *Alterman Foods*, supra at 625. See also *Brumbelow v. City of Rome*, 215 Ga. App. 321, 322 (450 SE2d 345) (1994).

Finally, Wilkes testified that she would have seen the wrapper had she looked. A "customer must exercise ordinary care for his own safety. . . . He must make use of all his senses in a reasonable measure amounting to ordinary care in discovering and avoiding those things that might cause hurt to him." (Citations and punctuation omitted.) *Smith v. Wal-Mart Stores*, 199 Ga. App. 808, 810 (406 SE2d 234) (1991). "Summary judgment is appropriate in situations where the hazardous condition was visible to the plaintiff, had the plaintiff looked." *J. H. Harvey Co. v. Kinchen*, 213 Ga. App. 868, 869 (446 SE2d 218) (1994).

We cannot simply infer from the record before us that Kroger maintained a dangerous condition that caused Wilkes to fall. Further, the record shows that Wilkes failed to exercise ordinary care for her own safety. Each of these reasons standing alone would be sufficient to warrant summary judgment for Kroger.

*Judgment affirmed. Pope, P. J., and Andrews, J., concur.*

DECIDED APRIL 4, 1996.

*Peter M. Blackford, John E. Gilchrist*, for appellant.
*Webb, Carlock, Copeland, Semler & Stair, James R. Doyle II, Douglas A. Wilde*, for appellee.