A98A0153. HEAD et al. v. SEARS ROEBUCK & COMPANY et al.
(503 SE2d 354)

Ruffin, Judge.

Inez Head sued Sears Roebuck & Company and a "John Doe" Sears employee (collectively "Sears") for injuries she allegedly sustained when she fell in one of Sears' retail stores. Inez's husband, Albert Head, also sued Sears for loss of consortium. The trial court granted summary judgment to Sears, and the Heads appealed. For reasons which follow, we affirm.

"To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c). A defendant may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. . . . A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. OCGA § 9-11-56 (e)." Lau's Corp. v. Haskins, 261 Ga. 491 (405 SE2d 474) (1991).

Viewed in a light most favorable to the Heads, the evidence of record shows that on the day of the incident they went to Sears to purchase a dress. After entering the store, Albert proceeded directly to the dress racks while Inez waited for a friend who was at the information booth. Albert soon found a dress and when he called Inez to come see it, she started walking toward him. As Inez approached the area where Albert was standing, she encountered a vase of flowers on a pedestal. Adjacent to the pedestal was a moveable clothing rack that store employees used to transport stock throughout the store. As Inez was walking past the pedestal, an unidentified woman pulled on

the moveable clothing rack and the flower vase simultaneously fell to the floor immediately in front of Inez. Inez, who was 72 years old at the time, was in midstride and tripped over the vase of flowers injuring herself.

Although both Albert and Inez Head gave extensive deposition testimony concerning the incident, neither plaintiff was able to specifically identify who or what caused the vase of flowers to fall. According to Albert, the pedestal was not in Inez's way when she walked toward him. As for the clothing rack, Albert stated: "Whoever was moving [it] I don't know. It was a lady, she moved the rack and I saw the rack move and I tried to run to catch her." In his deposition, Albert further stated that he never saw the moveable clothing rack touch the pedestal, but he speculated that the rack may have either bumped the pedestal or that it "[h]ad something to do with the vibration that made them fall there [sic] that particular time."

Similarly, in her deposition Inez Head testified that she did not know what caused the flower vase to fall. Like Albert, Inez stated that she had a "clear path" to where Albert was standing. However, with regard to the cause of the accident, Inez testified: "Maybe I just don't know how it happened, but I know one thing; the flower fell out on me, [sic] I fell and hurt myself." All she could say with certainty was that "the flower fell. It fell. And I stumbled over it. . . . Whatever it was they fell out in front of me, I stumbled over it." Unlike Albert, Inez Head did not remember anyone moving the clothing rack.

In their complaint, the Heads alleged that Sears negligently created a dangerous condition in its store when "Defendant, John Doe, Employee pushed a display over onto the path of Plaintiff, causing Plaintiff to slip and fall as a result of same." In granting summary judgment to Sears, the trial judge found that, inter alia, "[e]ven under the deposition testimony of the Plaintiffs, Plaintiffs cannot by anything more than speculation establish any negligence by Defendant which proximately caused any of Plaintiffs' alleged injuries or damages." We agree with the trial court.

"On the issue of the fact of causation, as on other issues essential to the cause of action for negligence, the plaintiff, in general, has the burden of proof. The plaintiff must introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result. A mere possibility of such causation is not enough; and when the matter remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to [grant summary judgment] for the defendant." (Citations and punctuation omitted.) *Nelson v. Polk County Historical Society*, 216 Ga. App. 756, 757 (2) (456 SE2d 93) (1995); *Orkin Exterminating Co. v. McIntosh*,

215 Ga. App. 587, 592 (4) (452 SE2d 159) (1994). Likewise, " '[i]t is a well settled principle of negligence law that the occurrence of an unfortunate event is not sufficient to authorize an inference of negligence. [Cit.]' [Cit.]" *Wilkerson v. Alexander*, 208 Ga. App. 83, 85 (1) (429 SE2d 685) (1993).

In this case, the Heads merely established the occurrence of an unfortunate event and failed to meet their burden of pointing to specific evidence showing that Sears caused their alleged injuries. See *Lau's Corp.*, supra; *Nelson*, supra. Pretermitting whether there was any evidence giving rise to a reasonable inference that the moveable rack caused the vase to fall, we find that the Heads cited no evidence showing that a Sears employee moved the rack. To the contrary, Albert Head stated that he did not know who moved the rack and Inez Head did not even recall the rack moving. Under these circumstances, the Heads' allegation that a Sears' employee negligently moved the rack into the flower vase causing it to fall is nothing more than speculation. Inasmuch as the Heads failed to point to any evidence establishing the essential element of causation, the trial court properly granted summary judgment to Sears. See id.; *Lau's Corp.*, supra.

*Judgment affirmed. Beasley, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JUNE 26, 1998 —
RECONSIDERATION DISMISSED JULY 10, 1998.

*Joseph M. Todd*, for appellants.
*Gray & Hedrick, L. Bruce Hedrick, Swift, Currie, McGhee & Hiers, Lynn M. Roberson, Michael C. Cherof*, for appellees.