A99A0072. CHRISTOPHER v. DONNA'S COUNTRY STORE et al.
(511 SE2d 579)

JOHNSON, Chief Judge.

This is a slip and fall action brought by Kimberly Christopher against Donna's Country Store, owned by Philip Harden, and Harden's estate (collectively "the Hardens"). The trial court granted the Hardens' motion for summary judgment. Christopher appeals, and we affirm.

On appeal of the grant of summary judgment, this Court applies a de novo review of the evidence to determine whether any question of material fact exists. *Moore v. Food Assoc.*, 210 Ga. App. 780, 781 (437 SE2d 832) (1993). Summary judgment is appropriate where the moving party can show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A defendant meets this burden by "showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. . . . All of the other disputes of fact are rendered immaterial." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

1. Christopher alleges she slipped and fell on a greasy substance that she did not see in the Hardens' parking lot. She bases this allegation on the fact that she noticed a greasy substance on her arms and clothing after her fall. However, Christopher admitted in her deposition that she never saw a greasy substance in the parking lot prior to her fall. She further testified that she did not recall seeing anything on the ground after she fell and that she did not look at or examine the area where she fell to determine if any hazardous or defective condition was present which may have caused her fall.

When asked during her deposition if she knew why she fell that day, Christopher responded, "No." In addition, while cleaning herself off, she told a store employee that she did not know why she had fallen.

In granting summary judgment to the Hardens, the trial judge found that "[b]y producing no evidence to connect her injuries to the defendants' conduct, the court would have to speculate what caused the plaintiff to fall." We agree with the trial court.

It is axiomatic that a plaintiff in a negligence case can prevail only if she shows that a defendant's negligence caused her injuries. See *Alterman Foods v. Ligon*, 246 Ga. 620, 624 (272 SE2d 327) (1980). Christopher failed to make such a showing. She could only speculate that a greasy substance caused her to slip and fall because such a substance was found on her clothing after she fell. This is insufficient to prove negligence by the Hardens.

"On the issue of the fact of causation, as on other issues essential to the cause of action for negligence, the plaintiff, in general, has the burden of proof. The plaintiff must introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result. A mere possibility of such causation is not enough; and when the matter remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to grant summary judgment for the defendant." (Citations and punctuation omitted.) *Head v. Sears Roebuck & Co.*, 233 Ga. App. 344, 345 (503 SE2d 354) (1998). See *Sharfuddin v. Drug Emporium*, 230 Ga. App. 679, 682-683 (3) (498 SE2d 748) (1998). Likewise, "it is a well settled principle of negligence law that the occurrence of an unfortunate event is not sufficient to authorize an inference of negligence." (Citations and punctuation omitted.) *Head*, supra at 346.

In the present case, Christopher merely established the occurrence of an unfortunate event. She failed to meet her burden of pointing to specific evidence showing that the Hardens caused her alleged injuries. Christopher's speculations, " 'taken in the light most favorable to her, are merely conclusions and are probative of nothing.' [Cits.]" *Wilkes v. Kroger Co.*, 221 Ga. App. 113, 114 (470 SE2d 506) (1996).

Christopher correctly points out that *Robinson v. Kroger Co.*, 268 Ga. 735, 743 (493 SE2d 403) (1997), disapproved of appellate decisions holding as a matter of law that an invitee's failure to see before falling the hazard which caused her fall constitutes a failure to exercise ordinary care. However, while *Robinson* significantly lightens the burden of proof load placed on plaintiffs with regard to their failure to exercise ordinary care and requires defendants to establish a defense to liability (see id. at 743, 747-748), *Robinson* does not hold that every slip and fall case must be sent to the jury. Nor does *Robin-*

*son* hold that a plaintiff no longer must prove a prima facie case of negligence from the defendant's alleged misconduct.

Even viewed in a light most favorable to Christopher, the evidence fails to identify any defective or hazardous condition on the Hardens' premises and fails to demonstrate that any such condition proximately caused her fall. The evidence is undisputed that Christopher does not know what, if anything, caused her to fall. She did not see anything on the ground either before or after her fall, and she has produced no one else who saw any substance on the ground. Thus, whether she slipped on something or nothing at all is subject only to speculation. While Christopher asserts that she must have fallen in a greasy substance, she has produced no evidence supporting her claim. The fact that she noticed a greasy substance on her arms and clothing as she cleaned up is not sufficient to show that she slipped because of any such greasy substance. Because Christopher failed to point to any evidence establishing the essential element of causation, the trial court properly granted summary judgment to the Hardens.

2. The Hardens' motion for penalty for frivolous appeal is denied.
*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED FEBRUARY 3, 1999 — 

*Van C. Wilks*, for appellant.
*Drew, Eckl & Farnham, James M. Poe, Kelly O. Coogan*, for appellees.