A00A0388. JACKSON v. K-MART CORPORATION.

(529 SE2d 404)

MCMURRAY, Presiding Judge.

Appellant-plaintiff Joan Jackson brought this trip and fall renewal case against appellee-defendant K-Mart Corporation seeking damages for the injuries she sustained after tripping and falling over a floor mat, a portion of which was rolled up, in the vestibule of a Decatur K-Mart store. The superior court granted K-Mart's motion for summary judgment, concluding that Jackson failed to show that

K-Mart had superior knowledge of the alleged hazard. Jackson now appeals.

K-Mart supported its motion for summary judgment by the affidavit of Jack Leslie, a door greeter at its Decatur store at the time of Jackson's fall. Therein, Leslie testified that "[a]s a Door Greeter, I have never seen the mats at the front entrance of the Store roll up and I have no knowledge of any accidents or trips on the mats due to the mats rolling up from a gust of wind." In this case as first filed, Jackson deposed she tripped and fell because a sudden gust of wind caused a portion of one of the floor mats in the vestibule of the Decatur K-Mart store to "roll[ ] up in front of [her]" as "[she] was about to step on it." Citing *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 28 (343 SE2d 680), the superior court found that plaintiff contradicted this testimony by her affidavit in support of her response to K-Mart's motion for summary judgment in the case sub judice. Though the record reflects that Jackson did not request her affidavit be included in the record on appeal, she does not dispute the superior court's order insofar as it pertinently provides that the affidavit "aver[red] that [Jackson] 'do[es] not have personal knowledge of what caused the rug to roll-up. I could speculate as [to the] cause, but I do not know.'"

Upon the appeal of the grant of summary judgment, this Court reviews the evidence de novo. *Moore v. Food Assoc.*, 210 Ga. App. 780, 781 (437 SE2d 832). Summary judgment is proper where the movant shows no genuine issue of material fact exists and entitlement to summary judgment as a matter of law. *Rivergate Corp. v. BCCP Enterprises*, 198 Ga. App. 761 (1) (403 SE2d 65). A defendant carries this burden by demonstrating the absence of evidence as to one essential element of plaintiff's case. *Lau's Corp. v. Haskins*, 261 Ga. 491, 495 (405 SE2d 474). Should the defendant do so, the plaintiff "cannot rest on [her] pleadings, but rather must point to specific evidence giving rise to a triable issue. OCGA § 9-11-56 (e)." Id. at 491.

Jackson contends that the superior court erred in granting K-Mart summary judgment for its failure to allow the jury to resolve the causation question as to whether the floor mat she tripped over was vulnerable to being rolled up by the wind because it was worn thin at its edges. *Held*:

"On the issue of the fact of causation, as on other issues essential to the cause of action for negligence, the plaintiff, in general, has the burden of proof. The plaintiff must introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result. *A mere possibility of such causation is not enough; and when the matter*

*remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to grant summary judgment for the defendant."* (Citations and punctuation omitted.) *Head v. Sears Roebuck & Co.*, 233 Ga. App. 344, 345 (503 SE2d 354) (1998). See *Sharfuddin v. Drug Emporium*, 230 Ga. App. 679, 682-683 (3) (498 SE2d 748) (1998). Likewise, "it is a well settled principle of negligence law that the occurrence of an unfortunate event is not sufficient to authorize an inference of negligence." (Citations and punctuation omitted.) *Head*, supra at 346.

(Emphasis supplied.) *Christopher v. Donna's Country Store*, 236 Ga. App. 219, 220 (1) (511 SE2d 579).

Pretermitting whether the superior court properly construed Jackson's explanations of her fall by deposition and affidavit as self-contradictory, *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. at 28, supra, by her brief on appeal Jackson admits that she offered no more than speculation in deposing that a strong gust of wind caused the floor mat which tripped her to roll up suddenly. Jackson offers only further speculation in arguing that the wind was able to lift the floor mat on which she tripped because it was "worn" thin on its edges — this given Leslie's unrebutted testimony that he was aware of no accident in the vestibule of the K-Mart store caused by the floor mats therein; that he had never seen the floor mats rolled up; and that the floor mats, though covered by carpet tapered[1] from "a quarter of an inch to nothing" to prevent stumbling, were not susceptible to rolling up when blown by the wind because each was backed by thick, heavy rubber which self-adhered to the floor "just like a suction."

It is well settled that *Robinson v. Kroger Co.*, 268 Ga. 735 (1), 743, 747-748 (493 SE2d 403) "significantly lightens the burden of proof load on plaintiffs with regard to their failure to exercise ordinary care and requires defendants to establish a defense to liability. . . ." *Christopher v. Donna's Country Store*, 236 Ga. App. at 220 (1), supra. *Robinson*, however, did not relieve a plaintiff of the burden of proving a prima facie case of negligence upon a showing of the defendant's actual or constructive knowledge of the hazard. *Christopher v. Donna's Country Store*, 236 Ga. App. at 220-221, supra.

---

[1] In granting K-Mart summary judgment, the superior court found as fact that the only reasonable construction which may be given Leslie's testimony in this regard was that the "mats were *tapered* on the edges to prevent people from 'stumbling' over them." We will not disturb this finding of fact on appeal in that it is consistent with evidence of record. OCGA § 9-11-52; *Prime Bank v. Galler*, 263 Ga. 286, 288 (1) (430 SE2d 735).

Viewed in a light most favorable to Jackson, the evidence fails to establish any defective condition or hazard on K-Mart's premises. Even if the contrary were the case, the evidence is insufficient to show that such a hazard proximately caused Jackson to fall. By her own admission on appeal Jackson can offer no more than speculation as to the cause of her fall. She points to no evidence otherwise of record establishing causation. Under these circumstances, the superior court properly granted summary judgment to K-Mart.

*Judgment affirmed. Johnson, C. J., and Phipps, J., concur.*

DECIDED FEBRUARY 8, 2000.

*Williams & Armwood, Rita T. Williams, John H. Armwood*, for appellant.
*F. Earl Wiggers, Jr.*, for appellee.