A00A0537. GRAY v. OLIVER et al.
(530 SE2d 241)

MCMURRAY, Presiding Judge.

Appellant-plaintiff Jane Gold Brown Gray appeals the state court's order granting summary judgment to appellees-defendants Kevin Oliver and Pulte Homes Corporation, a Georgia corporation ("Pulte Homes"), in the underlying curbside slip and fall case.

Upon the appeal of the grant of summary judgment, this Court reviews the evidence de novo. Summary judgment is proper where the movant shows no genuine issue of material fact exists and entitlement to summary judgment as a matter of law. A defendant carries this burden by demonstrating the absence of evidence as to one essential element of plaintiff's case. Should the defendant do so, the plaintiff "cannot rest on [her] pleadings, but rather must

point to specific evidence giving rise to a triable issue. OCGA § 9-11-56 (e)."[1]

Plaintiff and a girlfriend went house hunting in Chastain Glen, a Cobb County subdivision owned and developed by Pulte Homes on a Sunday afternoon in April 1996. There plaintiff asked Oliver, a sales representative employed by Pulte Homes, to show her a home for possible purchase. Wanting to show plaintiff and her friend a lakeside property some distance from the sales office, Oliver decided to drive, and the group walked to his car which was parked alongside a nearby curbside drainage culvert. Plaintiff and her friend stood on the concrete cover of the culvert as Oliver went to the driver's side of the vehicle. When plaintiff moved to get into the car, she stepped down from the culvert's cover at curb level to the sloped surface of the "water run" into the culvert. In doing so, plaintiff slipped and fell, breaking bones in both legs. In deposition testimony, plaintiff admitted that she had seen that defendant Oliver's car was parked adjacent to a curbside drainage culvert as she walked toward it but did not feel that the vehicle was dangerously parked; that she stood on the culvert's concrete cover for a minute to a minute and a half before stepping down from it; that nothing would have obstructed her view of the sloped "water run" into the culvert had she been looking down at it, rather than looking at Oliver's car as she attempted to get into it; and that she was familiar with curbside culverts, recalling that one was on the cul-de-sac where she lived. The state court granted defendants' motion for summary judgment, concluding that plaintiff's "knowledge of the static condition was equal to that of defendants."

Plaintiff contends that the state court erred in granting defendants' motion for summary judgment in that it failed to allow the jury to resolve whether plaintiff exercised ordinary care for her safety given the fact that defendant Oliver parked his car so closely to the curbside culvert as to "prohibit[ ] [plaintiff] from appraising the danger and extent of the slope to the [drainage culvert]." *Held*:

1. Plaintiff correctly argues that *Robinson v. Kroger Co.*[2] "significantly lightens the burden of proof load placed on plaintiffs with regard to their failure to exercise ordinary care and requires defendants to establish a defense to liability. . . ."[3] *Robinson*, however, did not relieve plaintiffs of the burden of proving a prima facie case of negligence upon a showing of defendant's knowledge of a hazard

---

[1] (Citations omitted.) *Jackson v. K-Mart Corp.*, 242 Ga. App. 274 (529 SE2d 404) (2000).

[2] 268 Ga. 735, 743 (1), 747-748 (2) (b) (493 SE2d 403).

[3] *Christopher v. Donna's Country Store*, 236 Ga. App. 219, 220 (1) (511 SE2d 579).

superior to that of plaintiff to avoid summary judgment.[4]

The curbside culvert in this case constitutes a static condition.[5] A static condition is not dangerous "unless someone fails to observe it and steps into it."[6] However, even if it were hazardous as plaintiff asserts, "the condition was open and obvious, and thus, in the exercise of ordinary care, [plaintiff] could have avoided it. There is no duty to warn of the obvious."[7] Moreover, where, as here,[8] the plaintiff had as much knowledge of the hazard as did the owner, plaintiff assumes the risk as to the known condition by voluntarily acting in the face of such knowledge.[9] This result is not inconsistent with *Robinson v. Kroger Co.*,[10] wherein our Supreme Court held, among other things, that summary judgment for a defendant was proper for a plaintiff's voluntary negligence in circumstances where the plaintiff possessed knowledge of the hazard "equal to or greater than that of the owner/occupier, making it impossible for the plaintiff to prove that the owner/occupier had the superior knowledge necessary for the plaintiff to prevail."[11]

2. In light of our disposition of Division 1, we do not address plaintiff's remaining claims of error.

*Judgment affirmed. Johnson, C. J., and Phipps, J., concur.*

DECIDED FEBRUARY 29, 2000.

*Mark R. Marden*, for appellant.

*McLaughlin, Hendon, Miller & Croy, Norman R. Miller*, for appellees.

---

[4] Id. at 220-221.

[5] *MARTA v. Fife*, 220 Ga. App. 298, 300 (2) (469 SE2d 420).

[6] (Citation omitted.) Id.

[7] (Citations and punctuation omitted.) *Wright v. JDN Structured Finance*, 239 Ga. App. 685, 687 (2) (522 SE2d 4); see also *Warnke v. Pace Membership Warehouse*, 215 Ga. App. 33, 34 (449 SE2d 629).

[8] *MARTA v. Fife*, 220 Ga. App. at 302, supra (McMurray, P. J., dissenting) (the plaintiff testified she could not see slanted gutter "from her direction and perspective").

[9] *Wright v. JDN Structured Finance*, 239 Ga. App. at 686 (2), supra.

[10] 268 Ga. at 737 (1), supra.

