## A07A1606. GREYHOUND LINES, INC. v. WILLIAMS.
(659 SE2d 867)

ELLINGTON, Judge.

Greyhound Lines, Inc. ("Greyhound") appeals from the trial court's denial of its motion for summary judgment in this personal injury case brought by a passenger, Laura Williams.[1] For the following reasons, we reverse.

"Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. We review the grant [or denial] of summary judgment de novo, construing the evidence in favor of the nonmovant." (Citations and punctuation omitted.) *White v. Ga. Power Co.*, 265 Ga. App. 664, 664-665 (595 SE2d 353) (2004). So viewed, the record shows the following undisputed facts.

In September 2003, Williams boarded a Greyhound bus in California, en route to Augusta, Georgia. Shortly after noon on September 19, while driving through Alabama, the bus driver took the wrong exit off of the interstate. As the driver attempted to turn the bus around in a parking lot, the bus became stuck. The driver instructed all of the passengers to exit the bus, and Williams and the other passengers exited the bus without incident. The driver did not tell the passengers where to go while they were waiting or how long the bus would be stopped. Williams walked away from the bus and the parking lot onto a nearby flat, grassy field, which she had determined was a safe area in which to walk while she waited. She was by herself and did not know where the other passengers went while they were waiting. Williams did not ask for any assistance while walking around, nor did she think she needed any assistance. She wandered around the field by herself for at least 20 minutes to get some exercise and to look for a place to sit. She was about 30 feet away from the bus when she suddenly heard a cracking sound in her foot. Williams did not know what happened, but she presumed that she had stepped in a hole in the field and twisted her ankle. She admitted that she never saw a hole before or after she twisted her ankle, but speculated that she did not see it "because of the dirt and everything around it." Williams sustained a broken ankle.

Williams sued Greyhound, alleging that the driver negligently placed the bus, and the passengers thereon, in an unsafe area and that this negligence was the proximate cause of her injuries. Specifically, Williams contended that Greyhound's driver breached the carrier's duty of extraordinary care it owed to the passengers by "becoming lost"; attempting to turn the bus around on a steep incline,

---

[1] This Court granted Greyhound's application for interlocutory appeal.

which caused the bus to become stuck; ordering the passengers off the bus at an unscheduled stop; and failing to instruct them where to go once they exited. Greyhound moved for summary judgment, arguing that Williams' claim that there was a hole or other hazard in the field which caused her injuries was based upon her mere presumption, unsupported by any evidence. Greyhound also argued that there was no evidence to support a finding that any breach of its duties to the passengers was the proximate cause of Williams' injuries. The trial court denied Greyhound's motion, ruling that jury issues existed as to whether Greyhound owed Williams a duty of extraordinary care while the bus was stopped in Alabama and whether there was a defect in the field which caused Williams' injuries.

1. Greyhound argues that the trial court erred in denying its motion for summary judgment because there is no evidence regarding the cause of Williams' injuries. We agree.

> [I]t is axiomatic that a plaintiff in a negligence case can prevail only if she shows that a defendant's negligence caused her injuries. A mere possibility of such causation is not enough; and when the matter remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to grant summary judgment for the defendant. Likewise, it is a well settled principle of negligence law that the occurrence of an unfortunate event is not sufficient to authorize an inference of negligence.

(Punctuation and footnote omitted.) *Futch v. Super Discount Markets*, 241 Ga. App. 479, 482 (526 SE2d 401) (1999). In other words, "[w]here the plaintiff does not know of a cause or cannot prove the cause [of her slip and fall], there can be no recovery because an essential element of negligence cannot be proven." (Footnote omitted.) *Pennington v. WJL*, 263 Ga. App. 758, 760 (1) (589 SE2d 259) (2003).

In this case, it is undisputed that Williams chose to walk around the field for at least 20 minutes and that she did so without incident. It was daylight and she could see where she was going. She admitted that the field appeared to be a safe place to walk and that she would not have done so otherwise. There was no evidence that Greyhound instructed her to walk in the field. Williams also admitted that she never saw the hole in which she now alleges she stepped. Instead, she simply presumes that she stepped in a hole and suggests that she did not see it because it may have been covered by dirt and grass.

Thus, whether Williams stepped in a hole, stepped on a rock or other obstacle, or simply improperly placed her foot on the ground

while walking is subject only to speculation. Williams repeatedly admitted that she did not know what caused her to twist her ankle. Although Williams, as nonmovant, is entitled to all reasonable inferences drawn from the evidence, "an inference cannot be based upon evidence which is too uncertain or speculative or which raises merely a conjecture or possibility." (Citations and punctuation omitted.) *Shadburn v. Whitlow*, 243 Ga. App. 555, 557 (533 SE2d 765) (2000). See also *Ford v. Bank of America Corp.*, 277 Ga. App. 708, 709 (627 SE2d 376) (2006) ("Merely stating that a condition is dangerous does not constitute evidence that it is so.") (citation omitted). Proof of nothing more than the fact that Williams somehow injured her ankle while walking in the field is legally insufficient to sustain her negligence claim against Greyhound. *Pennington v. WJL*, 263 Ga. App. at 760 (1); *Futch v. Super Discount Markets*, 241 Ga. App. at 483-484. Accordingly, the trial court erred when it denied summary judgment to Greyhound.

2. In arguing that the court's denial of summary judgment was proper, Williams contends that Greyhound owed her, as a passenger, a duty of exercising extraordinary care for her safety while she walked around in the field because it had placed her in a position in which she had no choice but to do so. According to Williams, Greyhound breached this duty and is therefore liable for her injuries. Pretermitting whether Greyhound owed Williams a duty to exercise extraordinary versus ordinary care while Williams was walking in the field, however, Greyhound is not liable for her injuries under either standard as a matter of law because there is no evidence regarding the cause of Williams' injuries. See Division 1, supra.[2]

Moreover, even if Williams had met her burden of establishing that the field was an unsafe area for her to wait for the trip to resume, there is no evidence that Greyhound placed her in a position in which she had no choice but to walk around in the field while she waited. Williams admitted that the bus driver did not tell her to go into the field, that the field looked like a safe place to walk, that she decided to walk around the field for exercise and to find a place to sit down, and that the other passengers waited somewhere else. Cf. *Ga. R. & Banking Co. v. Brooks*, 30 Ga. App. 692, 693 (119 SE 424) (1923) (when a train stopped some distance from a station and forced passengers to

---

[2] See also *Mattox v. MARTA*, 200 Ga. App. 697 (1) (409 SE2d 267) (1991) (even if a carrier owed a passenger a duty to exercise extraordinary care, it is not an absolute and unqualified insurer of the passenger's safety); *Delta Air Lines v. Millirons*, 87 Ga. App. 334, 342 (5) (73 SE2d 598) (1952) (a carrier's duty to exercise extraordinary care "continues until the passenger has been conducted to a place where he has some freedom of locomotion and can in a measure look out for his own safety"; once the passenger has disembarked, the carrier's duty is to exercise ordinary care to keep its facilities safe) (citation, punctuation and emphasis omitted); *Ga. R. & Banking Co. v. Brooks*, 30 Ga. App. 692, 693 (119 SE 424) (1923) (accord).

disembark and walk along a narrow passageway, the railroad company was liable for injuries to the passengers that occurred before the passengers reached a place where they had freedom of movement and could watch out for their own safety).

Consequently, Williams' argument does not change the outcome of this case.

*Judgment reversed. Andrews, P. J., and Adams, J., concur.*

DECIDED MARCH 24, 2008.

*Terry-Dawn M. Thomas*, for appellant.
*Nimmons & Malchow, Kenneth M. Nimmons*, for appellee.