[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 11, 2010
JOHN LEY
CLERK

_____

No. 10-10713
Non-Argument Calendar
_____

D.C. Docket No. 1:06-cv-00483-CC

FRED OLIVER,

                                                        Plaintiff-Appellant,

versus

COLUMBIA SUSSEX CORPORATION,
d.b.a. Savannah Marriott Riverfront,

                                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 11, 2010)

Before CARNES, MARCUS and HILL, Circuit Judges.

PER CURIAM:

Fred Oliver sued Columbia Sussex Corporation, d/b/a Savannah Marriott Riverfront, for damages in connection with his slip and fall in defendant's bathtub during a stay at the premises. The district court granted summary judgment to the defendant and Oliver appeals.

I.

Fred Oliver slipped in the bathtub of his hotel room on the second occasion that he used the shower during his stay at defendant's hotel. To prevail on his claim for negligence against the defendant under Georgia law, he must establish the essential elements of duty, breach of duty, proximate causation, and damages. *Black v. Georgia Southern & Fla. Ry. Co.*, 202 Ga. App. 805, 806 (1992). The district court granted summary judgment to the defendant, holding that plaintiff failed to prove what caused his fall. *See Head v. Sears Roebuck & Co.*, 233 Ga. App. 344, 345 (1998). "Where the plaintiff does not know of a cause or cannot prove the cause [of his slip and fall], there can be no recovery because an essential element of negligence cannot be proven." *Pennington v. WLJ, Inc.*, 263 Ga. App. 758 (2003). We agree.

Although Oliver speculates that either a degraded slip-resistant surfacing in the tub or the presence of some cleaning solution made the tub slippery causing

his fall, he presented no competent evidence to establish either of these theories. He presented no evidence other than his own hypothesis that cleaning solution may have been in the tub.

As to the condition of the slip-resistant surfacing in the tub, plaintiff presented no evidence, relying instead on a contention that his own failure to inspect and/or photograph the bottom of the tub at the time of the accident was due to defendant's failures. The district court found this contention unpersuasive to lift the burden of production and proof from Oliver's shoulders and so do we. We agree with the district court that, in the absence of proof to the contrary by defendant, Oliver's own testimony as to the lack of such surfacing may be sufficient to establish that defendant breached a duty to install and maintain such surfacing. We also agree with the district court, however, that this proof fails to establish that the lack of slip-resistant surfacing caused Oliver to fall.

Georgia courts routinely hold that summary judgment is appropriate in cases where the plaintiff can only speculate as to what caused a fall. *See Greyhound Lines, Inc., v. Williams*, 290 Ga. App. 450 (2008) (reversing the trial court's denial of summary judgment to defendant where plaintiff repeatedly admitted that she did not know what caused her injury); *Pinckney v. Covington Athletic Club & Fitness Ctr.*, 288 Ga. App. 891 (2007) (affirming grant of summary judgment where

plaintiff only speculated about the presence of algae at the time of her fall and the algae being the cause of her fall); *Moore v. League*, 255 Ga. App. 220 (2002) (affirming grant of summary judgment to defendant where plaintiff "assumed" she slipped on wet floor but testified that she did not know if floor was actually wet and did not know why she slipped); and *Jackson v. K-Mart Corp.*, 242 Ga. App. 274 (2000) (affirming grant of summary judgment where plaintiff could offer no more than speculation as to the cause of her fall). As in these cases, Oliver offers only speculation as to the cause of his fall.

In sum, while the record contains much speculation as to why Oliver slipped and fell in defendant's bathtub, it contains no real proof of why he did so.[1] Furthermore, Oliver's own testimony establishes that he really does not know the cause of his fall. Under these circumstances, the district court's conclusion that Oliver failed to establish the causation element of his negligence claim is correct and the grant of summary judgment to defendant is due to be

AFFIRMED.

---

[1]Even Oliver's expert, who testified about the condition of defendant's bathtubs in general, did not offer an opinion as to the cause of Oliver's fall in particular.