A11A1711. FOOTHILLS PHARMACIES, INC. v. POWERS.
(722 SE2d 331)

ELLINGTON, Judge.

Pauline Powers brought this action against Foothills Pharmacies, Inc. ("Foothills") in the Superior Court of Franklin County seeking to recover damages for personal injuries she sustained when her motorized scooter tipped over while she was operating it in her yard. Powers alleges that Foothills is liable to her pursuant to theories of negligent misrepresentation and breach of express warranty because Foothills' agent represented to her that the three-wheeled scooter was safe for use in her yard. Following a hearing, the trial court denied Foothills' motion for summary judgment regarding both claims. We granted Foothills' application for an interlocutory appeal. Foothills appeals contending, inter alia, that Powers failed to adduce any evidence that the scooter was not in fact safe for use in her yard and, therefore, that Powers failed to identify any evidence that Foothills supplied her with false information or breached a warranty. For the reasons explained below, we reverse.

To prevail at summary judgment under OCGA § 9-11-56,

the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. . . . [T]he burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its plead-

ings, but rather must point to specific evidence giving rise to a triable issue. Our review of the grant of summary judgment is de novo, and we construe the evidence and all inferences therefrom in favor of the nonmoving party.

(Citations and punctuation omitted.) *Henson v. Ga.-Pacific Corp.*, 289 Ga. App. 777, 777-778 (658 SE2d 391) (2008).

Viewed in the light most favorable to Powers, the record shows the following. Powers received a prescription from her doctor for a mobility scooter, which she took to Foothills' pharmacy, accompanied by her daughter. According to Powers, the Foothills' salesman, David Ray, assured them that the Invacare Lynx L-3B three-wheeled scooter would be safe for her to use in her yard. For approximately the next ten months, Powers used the scooter without incident, primarily in her yard. Then, in April 2008, as she drove the scooter around the corner of a fence, in a flat area, the scooter tipped onto its side. Powers had traveled the same route in the scooter at least five times before. In her deposition, Powers testified that she did not know what caused the scooter to flip, and she offered no expert witness or other evidence on the subject.

In her claim for negligent misrepresentation, Powers alleged that Ray negligently misrepresented to her that the Lynx L-3B scooter was safe to use on gravel and grass surfaces. In her claim for breach of an express warranty, Powers alleged that Ray told her that the Lynx L-3B scooter was safe to use on nonpaved and sloped surfaces.

1. Foothills contends that, because Powers failed to adduce any evidence regarding why her scooter tipped over, there is no evidence that Ray's statement that the three-wheeled scooter was safe for use in her yard conveyed false information. As a result, Foothills contends, it is entitled to judgment as a matter of law on Powers' claim for negligent misrepresentation.

Under Georgia law, the essential elements of the tort of negligent misrepresentation are: (1) the defendant's negligent supply of false information to foreseeable persons, which included the plaintiff; (2) the plaintiff's reasonable reliance upon that false information; and (3) injury proximately resulting from such reliance. *Hardaway Co. v. Parsons, Brinckerhoff &c., Inc.*, 267 Ga. 424, 426 (1) (479 SE2d 727) (1997). In this case, Powers has not identified any evidence that Ray's statement that the Lynx L-3B scooter was safe to use on gravel and grass surfaces was false. Although Powers, as the nonmovant, is entitled to all reasonable inferences drawn from the evidence, "an inference cannot be based upon evidence which is too uncertain or speculative or which raises merely a conjecture or possibility." (Citations and punctuation omitted.) *Greyhound Lines*

*v. Williams*, 290 Ga. App. 450, 452 (1) (659 SE2d 867) (2008). The mere fact that the scooter tipped over, resulting in Powers' injury, is not evidence that the scooter was not safe to use on gravel and grass surfaces.[1] Powers can only speculate that the scooter tipped over because it was generally unsuitable for use on gravel and grass surfaces rather than because of how she operated it that particular day or due to any other possible cause. Because such speculation is insufficient to raise an issue for resolution by a jury, the trial court erred in denying Foothills' motion for summary judgment on this claim. *Greyhound Lines v. Williams*, 290 Ga. App. at 451-452 (1); *Ford v. Bank of America Corp.*, 277 Ga. App. at 708, 709-710 (627 SE2d 376) (2006).

2. Foothills contends that, because Powers failed to adduce any evidence regarding why her scooter tipped over, there is likewise no evidence that Foothills breached any warranty regarding the scooter's suitability for her intended use. As a result, Foothills contends, it is entitled to judgment as a matter of law on Powers' claim for breach of an express warranty.

In pertinent part, OCGA § 11-2-313 (1) (b) provides that "[a]ny description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description." Powers failed to present any evidence that the scooter was generally unsuitable for use on nonpaved and sloped surfaces, and, therefore, she has not identified any evidence that the Lynx L-3B scooter did not conform to Ray's description. Cf. *Thompson v. Huckabee Auto Co.*, 190 Ga. App. 540, 541 (1) (379 SE2d 411) (1989) (evidence that a car had been damaged and repaired presented a jury question regarding whether the car conformed to the seller's description that the car was new); *Horne v. Claude Ray Ford Sales*, 162 Ga. App. 329, 330 (4) (290 SE2d 497) (1982) (accord). Accordingly, the trial court erred in denying Foothills' motion for summary judgment on this claim.

*Judgment reversed. Miller, P. J., and Doyle, J., concur.*

---

[1] See *Turner v. Masters*, 304 Ga. App. 855, 857 (1) (698 SE2d 346) (2010) ("It is axiomatic that the mere fact that an accident happened and the plaintiff may have sustained injuries or damages affords no basis for recovery against a particular defendant unless the plaintiff carries the burden of proof and shows that such accident and damages were caused by specific acts of negligence on the part of that defendant.") (citation and punctuation omitted); *Hunsucker v. Belford*, 304 Ga. App. 200, 202 (1) (695 SE2d 405) (2010) ("Negligence is not to be presumed, but is a matter for affirmative proof. . . . [G]uesses or speculation which raise merely a conjecture or possibility are not sufficient to create even an inference of fact for consideration on summary judgment.") (punctuation and footnotes omitted); *Ford v. Bank of America Corp.*, 277 Ga. App. 708, 709 (627 SE2d 376) (2006) ("Merely stating that a condition is dangerous does not constitute evidence that it is so.") (citation omitted).

DECIDED JANUARY 6, 2012 —
RECONSIDERATION DENIED JANUARY 23, 2012.

*Blasingame, Burch, Garrard & Bryant, Matthew A. Moseley, M. Steven Heath,* for appellant.

*Douglas T. Kidd, Margaret N. Dyal,* for appellee.