A99A1506. AVERY v. CLEVELAND AVENUE MOTEL, INC.
(521 SE2d 668)

BLACKBURN, Presiding Judge.

In this slip and fall action, Margaret S. Avery appeals the grant of summary judgment to Cleveland Avenue Motel, Inc., contending that the trial court erroneously found that the defendant had no constructive knowledge of the frayed carpeting and loose handrail which she claims caused her fall. For the reasons set forth below, we reverse.

> In determining whether the trial court properly granted summary judgment, we review the record evidence de novo to determine whether that evidence, with all inferences construed in [Avery's] favor, showed as a matter of law that [Cleveland Avenue Motel] was entitled to summary judgment.

(Citation and punctuation omitted.) *Edwards v. Ingles Market*, 234 Ga. App. 66 (506 SE2d 205) (1998).

Viewing the evidence in this light, the record shows that Avery was staying at a Days Inn owned by Cleveland Avenue Motel in October 1994. As Avery approached a set of stairs, her heel caught against the floor, and she began to fall. She grabbed for a rail, and, although it appeared to be firm at the top of the stairwell, it became disconnected from the wall at the bottom. Avery believed that her fall was caused by worn and frayed carpeting which she noticed at the top of the stairwell subsequent to her fall; however, Avery testified that she was not actually certain what caused her to fall.

1. As an initial matter, Cleveland Avenue Motel argues that the trial court properly granted its motion for summary judgment because Avery could only speculate about the cause of her fall.

"On the issue of the fact of causation, as on other issues essential to the cause of action for negligence, the plaintiff, in general, has the burden of proof. The plaintiff must introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result. A mere possibility of such causation is not enough; and when the matter remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to grant summary judgment for the defendant." (Citations and punctuation omitted.) *Head v. Sears Roebuck & Co.*, 233 Ga. App. 344, 345 (503 SE2d 354) (1998). See *Sharfuddin v. Drug Emporium*, 230 Ga. App. 679, 682-683 (3) (498 SE2d 748) (1998). Likewise, "it is a well settled principle of negligence law that the occurrence of an unfortunate event is not sufficient to authorize an inference of negligence." (Citations and punctuation omitted.) *Head*, supra at 346.

*Christopher v. Donna's Country Store*, 236 Ga. App. 219 (511 SE2d 579) (1999).

Based on this principle, we agree that Avery's admitted speculation that she initially may have tripped on worn carpeting does not sufficiently establish causation.

2. On the other hand, Avery's testimony regarding the defective handrail sufficiently raises a jury question whether the handrail contributed to her fall.

[I]n order to recover for injuries sustained in a slip-and-fall action, an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier.

*Robinson v. Kroger Co.*, 268 Ga. 735, 748-749 (493 SE2d 403) (1997). There is no evidence that Cleveland Avenue Motel had actual knowledge of the defects in its stairwell; however, Avery claims that it did have constructive knowledge.

Constructive knowledge may be inferred when there is evidence that the owner lacked a reasonable inspection procedure. In order to prevail at summary judgment based on lack of constructive knowledge, the owner must demonstrate not only that it had a reasonable inspection program in place, but that such program was actually carried out at the

time of the incident. [Cleveland Avenue Motel] contends that, regardless of whether reasonable inspection procedures were followed on the day in question, it is entitled to summary judgment because plaintiff failed to show how long the [handrail] had been [loose] before the fall. Although this Court has in the past rendered conflicting decisions on [similar] issue[s], we emphatically rejected [such a] position in a recent ten-judge decision, holding that in order to withstand a motion for summary judgment, a plaintiff need not show how long a [hazard has been present] unless the defendant has established that reasonable inspection procedures were in place and followed at the time of the incident. Accordingly, the determinative question in this appeal is whether, viewed in the light most favorable to plaintiff[ ], the evidence shows that [Cleveland Avenue Motel] followed reasonable inspection procedures at the time of the incident.

(Citations and punctuation omitted.) *Ingles Markets v. Martin*, 236 Ga. App. 810, 811 (513 SE2d 536) (1999).

Cleveland Avenue Motel indicated that the walkways of the Days Inn were swept daily in the morning and "re-checked" in the afternoon. In addition, other hotel employees were instructed to pick up any debris they might encounter while performing their duties. Although Cleveland Avenue Motel's representative stated that these procedures were in place on the date of Avery's fall, no evidence was produced which showed the actual times of such inspections, and there was no evidence that the railings in the stairwell were ever inspected. Furthermore, when asked to produce documentation detailing the inspection procedures performed on the day of Avery's fall, Cleveland Avenue Motel stated that no such documentation could be found. Accordingly, Cleveland Avenue Motel failed to sufficiently establish that procedures were in place to inspect the stair railings.

Therefore, we reverse the trial court's grant of summary judgment to Cleveland Avenue Motel with regard to its liability relating to the stair railings.

*Judgment reversed. Barnes and Ellington, JJ., concur.*

DECIDED AUGUST 17, 1999.

*Jack K. Bohler*, for appellant.
*Hicks, Casey & Barber, Timothy K. Hall*, for appellee.