A99A1183. DANIELS v. ATLANTA NATIONAL LEAGUE BASEBALL CLUB, INC.
(524 SE2d 801)

PHIPPS, Judge.

Geraldine Daniels, a slip and fall plaintiff, has the burden of proving negligence by showing initially that the defendant, the Atlanta National League Baseball Club, Inc. (the Atlanta Braves), had actual or constructive knowledge of the foreign substance that caused her to fall while exiting Atlanta-Fulton County Stadium at the end of a baseball game. The trial court granted the Atlanta Braves' motion for summary judgment because Daniels did not come forward with evidence that the Atlanta Braves had actual or constructive knowledge of the hazard. Daniels appeals that order. Because we find that it would be unduly burdensome, if not impossible, for the Atlanta Braves to implement inspection procedures to address this particular situation, we affirm.

On July 8, 1994, Daniels attended an Atlanta Braves baseball game at Atlanta-Fulton County Stadium. She was an invitee of the Atlanta Braves. While exiting the stadium at the end of the game, Daniels slipped and fell on either a cup or liquid from the cup as she was walking down the stairs. Daniels contends the Atlanta Braves are liable for her injuries from the fall because they failed to exercise ordinary care in keeping the premises safe as required by OCGA § 51-3-1.[1]

---

[1] OCGA § 51-3-1 provides that an owner or occupier of land is liable to an invitee for injuries caused by his negligent failure to keep the premises safe.

At deposition, Daniels testified she did not know who dropped the cup on the stairs or how long it was there before she fell. She also testified that, at the time she fell, there were no employees of the Atlanta Braves or of the stadium in the immediate area.

We review the trial court's grant of summary judgment de novo to determine if the evidence demonstrates any genuine issue of material fact.[2] To prevail, the moving party must demonstrate that there are no genuine issues of any material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, support judgment as a matter of law.[3] "A defendant may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case."[4]

To prove negligence in a slip and fall premises liability case, the plaintiff must show that (1) the defendant had actual or constructive knowledge of the foreign substance, and (2) the plaintiff lacked knowledge of the substance or for some reason attributable to the defendant was prevented from discovering it.[5] Daniels does not claim the Atlanta Braves had actual knowledge of the hazard which caused her fall. To establish constructive knowledge, Daniels must show that (1) an employee of the Atlanta Braves was in the immediate area of the hazard and could have easily seen the substance, or (2) the foreign substance remained long enough that ordinary diligence by the Atlanta Braves should have discovered it.[6]

Because no employees of the Atlanta Braves or of the stadium were in the immediate area when Daniels fell, she must use the second method of proving constructive knowledge.

> Constructive knowledge may be inferred when there is evidence that the owner lacked a reasonable inspection procedure. In order to prevail at summary judgment based on lack of constructive knowledge, the owner must demonstrate not only that it had a reasonable inspection program in place, but that such program was actually carried out at the time of the incident.[7]

---

[2] *Howell v. Styles*, 221 Ga. App. 781, 784 (4) (472 SE2d 548) (1996).
[3] *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).
[4] (Emphasis omitted.) Id.
[5] *Robinson v. Kroger Co.*, 268 Ga. 735, 736 (1) (493 SE2d 403) (1997).
[6] *Brown v. Piggly Wiggly Southern*, 228 Ga. App. 629, 631 (3) (b) (493 SE2d 196) (1997).
[7] *Avery v. Cleveland Avenue Motel*, 239 Ga. App. 644, 645-646 (2) (521 SE2d 668) (1999); see *Ingles Markets v. Martin*, 236 Ga. App. 810, 811 (513 SE2d 536) (1999); *Straughter v. J. H. Harvey Co.*, 232 Ga. App. 29, 30 (1) (500 SE2d 353) (1998).

Generally, on a motion for summary judgment, the owner must demonstrate its inspection procedures before the plaintiff must show how long the hazard has been present.[8] But it would be unduly burdensome, if not impossible, for the Atlanta Braves to perform an inspection for trash on the stairs while tens of thousands of spectators are exiting the stadium.

> While not an insurer of the invitee's safety, the owner/occupier is required to exercise ordinary care to protect the invitee from unreasonable risks of harm of which the owner/occupier has superior knowledge. The owner/occupier owes persons invited to enter the premises a duty of ordinary care to have the premises in a reasonably safe condition and not to expose the invitees to unreasonable risk or to lead them into a dangerous trap.[9]

The cup on the steps was not an unexpected hazard at the end of the game. Just as a fan expects and assumes the risk of wild pitches, foul balls, and unintentionally thrown bats, a fan should reasonably expect and assume that trash will be dropped on the premises by the thousands of other fans exiting the stadium at the end of a game. The risk of a cup sitting on the aisle steps is not an "unreasonable risk of harm" for one exiting a baseball stadium at the end of a game.

Furthermore, requiring the Atlanta Braves to remove every article left by its fans, especially in the circumstances here when thousands of fans are in the aisles and on the steps, would effectively make the Atlanta Braves the insurer of the safety of all fans. And, accomplishment of this task would place too great a burden on the proprietor and the fans. Thousands of fans would be detained in their seats, long after the game was over, waiting for the aisles to be inspected.

Because we have found that inspection procedures under the specific circumstances presented here would be unduly burdensome, if not impossible, the burden now shifts to Daniels to come forward with some evidence of how long the cup and liquid were on the steps before her fall. Daniels admits that she cannot meet this burden. As a result, we affirm the trial court's grant of summary judgment in favor of the Atlanta Braves.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

---

[8] Id.

[9] (Citations omitted.) *Robinson*, supra at 740.

DECIDED NOVEMBER 10, 1999.

*G. Samuel Burnette*, for appellant.

*Swift, Currie, McGhee & Hiers, Bradley S. Wolff, Michael H. Friedman*, for appellee.