A00A0724. SHADBURN v. WHITLOW et al.
(533 SE2d 765)

BLACKBURN, Presiding Judge.

Ollie Shadburn appeals the trial court's grant of summary judgment to Eloise Whitlow and New Perry Hotel, Inc. on her claim for personal injuries resulting from a fall, contending that material issues of fact remain. We affirm.

To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c). A *defendant* may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a

---

[1] *Hedquist v. Merrill Lynch &c.*, 272 Ga. 209 (528 SE2d 508).

jury issue on at least one essential element of plaintiff's case. A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. OCGA § 9-11-56 (e). *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

(Punctuation omitted.) *Head v. Sears Roebuck & Co.*, 233 Ga. App. 344 (503 SE2d 354) (1998).

So viewing the evidence, the record shows that Shadburn, Whitlow, and Jewel Palmer were on their way to Ormond Beach, Florida. En route, they stopped at New Perry Hotel to eat lunch. The three proceeded up a flight of stairs to the hotel restaurant. Palmer proceeded first, followed by Shadburn. Whitlow, an elderly woman who had impaired vision due to cataracts, followed last. Palmer was waiting in line at the restaurant when she heard a noise. Turning, she saw Whitlow, who had reached the top of the stairs, fall into Shadburn who was standing in the lobby area. Shadburn was injured.

Palmer and Shadburn believed that Whitlow's fall was caused by loose carpeting which they noticed at the top of the stairwell the evening after the fall; however, all three ladies testified that they were not actually certain what caused Whitlow to fall. Palmer also averred in her affidavit that Whitlow may have tripped because she may have been inebriated after sipping an unknown beverage from a cup during the trip to Perry.

The trial court properly granted summary judgment to New Perry Hotel because Shadburn failed to present any evidence that a condition on the stairs, the loose carpeting, caused Whitlow to fall. The speculation that Whitlow may have tripped on loose carpeting does not sufficiently establish causation. *Avery v. Cleveland Avenue Motel*, 239 Ga. App. 644, 645 (1) (521 SE2d 668) (1999).

On the issue of the fact of causation, as on other issues essential to the cause of action for negligence, the plaintiff, in general, has the burden of proof. The plaintiff must introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result. A mere possibil-

ity of such causation is not enough; and when the matter remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to grant summary judgment for the defendant. (Citations and punctuation omitted.) *Head v. Sears Roebuck & Co.*, [supra]. See *Sharfuddin v. Drug Emporium*, 230 Ga. App. 679, 682-683 (3) (498 SE2d 748) (1998).

(Punctuation omitted.) Id.

Similarly, the trial court also properly granted summary judgment to Whitlow because there is no evidence that Shadburn's injuries were caused by an act or omission of Whitlow. There is no evidence in the record of the cause of Whitlow's fall. Shadburn can point only to speculation that Whitlow may have tripped and fallen because she was inebriated. We acknowledge that Shadburn, as the nonmovant, is entitled to all reasonable conclusions and inferences drawn from the evidence, *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997); however, "an inference cannot be based upon evidence which is too uncertain or speculative or which raises merely a conjecture or possibility. *Sharfuddin v. Drug Emporium*, [supra]; *Brumbelow v. City of Rome*, 215 Ga. App. 321, 322 (450 SE2d 345) (1994)." *Lovins v. Kroger Co.*, 236 Ga. App. 585 (1) (512 SE2d 2) (1999). "'[I]t is a well settled principle of negligence law that the occurrence of an unfortunate event is not sufficient to authorize an inference of negligence.'" *Christopher v. Donna's Country Store*, 236 Ga. App. 219, 220 (511 SE2d 579) (1999); *Avery*, supra.

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED APRIL 13, 2000 — 

*Robert P. McFarland,* for appellant.

*Cobb & Walton, Bobby L. Cobb, James W. Walton, Hall, Booth, Smith & Slover, Thomas A. Graham, Richard N. Sheinis,* for appellees.