A01A2385. MAYHUE et al. v. MIDDLE GEORGIA COLISEUM AUTHORITY.
(559 SE2d 488)

MIKELL, Judge.

Charles and Michelle Mayhue appeal from the grant of summary judgment to the Middle Georgia Coliseum Authority d/b/a Macon Centreplex ("Authority") in this premises liability case. We affirm.

---

[4] *Ford v. State*, 219 Ga. App. 562, 564 (466 SE2d 11) (1995).
[5] *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

On appeal, we review the trial court's grant of summary judgment de novo to determine if the evidence demonstrates any genuine issue of material fact.[1] To prevail, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.[2] "A defendant may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case."[3]

Viewed most favorably to the plaintiffs, the evidence shows that Charles Mayhue slipped and fell on a full container of nacho cheese as he was leaving the Macon Coliseum after watching a circus performance with his wife and small daughter. Mayhue, who was carrying the child, deposed that he fell backward onto his left arm and broke his wrist. Mayhue estimated that he was ten to twenty feet away from the concession stand when he fell, and he testified that he was aware that nacho cheese was sold at the concession stand during the performance. He also testified that he had attended "quite a few" functions at the Coliseum and was aware that debris was left on the ground by patrons.

Lieutenant Charles Reynolds, a police officer who was in charge of security for the event, deposed that he was standing outside smoking a cigarette when Mayhue fell. Reynolds had propped some doors open and estimated that he was 60 to 70 feet away from Mayhue when the incident occurred. Reynolds deposed that he could not recall whether he witnessed Mayhue fall or saw him lying on the ground afterward, but the mishap attracted Reynolds's attention.

Reynolds testified that there was a trash can in the area of the fall, that he had observed personnel cleaning the area that evening, and that the area was well lit. Reynolds further testified that the container of cheese was not on the floor when he went out to smoke a cigarette. However, he did not know how long he had been outside before Mayhue fell. Reynolds also deposed that the circus was "about to end" when the incident happened.

> An owner or occupier of land is liable to invitees for injuries caused by his failure to exercise ordinary care in keeping his premises and approaches safe. This duty of ordinary care requires the owner to protect the invitee from unreasonable risks of harm of which the owner has superior knowledge

---

[1] *Shepard v. Winn Dixie Stores*, 241 Ga. App. 746, 747 (527 SE2d 36) (1999).

[2] Id.

[3] (Emphasis omitted.) *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

and to inspect the premises to discover possible dangerous conditions of which the owner does not have actual knowledge. To recover for injuries sustained in a slip-and-fall action, therefore, the invitee must prove (1) that the owner had actual or constructive knowledge of the hazard, and (2) that the plaintiff lacked knowledge of the hazard, despite the exercise of ordinary care, due to actions or conditions within the control of the owner.[4]

Mayhue does not contend that the Authority had actual knowledge of the substance that caused him to fall. Rather, he contends that questions of material fact as to the Authority's constructive knowledge preclude summary judgment. To establish constructive knowledge, Mayhue must show that (1) an Authority employee was in the immediate area of the hazard and could have easily seen it, or (2) the substance remained on the floor long enough that the Authority should have discovered it in the exercise of ordinary diligence.[5]

Mayhue argues that Reynolds, an Authority employee, was in the immediate area of the hazard and could have easily seen it. However, Mayhue never raised this argument in the trial court; therefore, it is waived. "It is well established that this court will not consider arguments neither raised nor ruled on in the trial court and that are asserted for the first time on appeal."[6]

Mayhue is thus relegated to the second method of proving constructive knowledge.

Constructive knowledge may be inferred when there is evidence that the owner lacked a reasonable inspection procedure. In order to prevail at summary judgment based on lack of constructive knowledge, the owner must demonstrate not only that it had a reasonable inspection program in place, but that such program was actually carried out at the time of the incident.[7]

The general rule is that "a plaintiff need not show how long a substance has been on the floor unless the defendant has established that reasonable inspection procedures were in place and followed at the time of the incident."[8] However, an exception to this rule was

---

[4] *Gunter v. Patterson Bank*, 247 Ga. App. 555, 557-558 (544 SE2d 735) (2001).

[5] *Brown v. Piggly Wiggly Southern*, 228 Ga. App. 629, 631 (3) (b) (493 SE2d 196) (1997).

[6] (Punctuation omitted.) *Pfeiffer v. Dept. of Transp.*, 250 Ga. App. 643, 647 (3) (551 SE2d 58) (2001).

[7] (Footnote omitted.) *Kauffman v. Eastern Food & Gas*, 246 Ga. App. 103, 104-105 (2) (539 SE2d 599) (2000).

[8] *Straughter v. J. H. Harvey Co.*, 232 Ga. App. 29, 30 (1) (500 SE2d 353) (1998).

created in *Daniels v. Atlanta Nat. League Baseball Club*.[9] The plaintiff in *Daniels* slipped and fell on liquid from a cup, or the cup itself, as she was walking down the stairs while exiting the stadium after an Atlanta Braves baseball game. In affirming the grant of summary judgment to the Braves, we held that "it would be unduly burdensome, if not impossible, for the Atlanta Braves to perform an inspection for trash on the stairs while tens of thousands of spectators are exiting the stadium."[10]

> Just as a fan expects and assumes the risk of wild pitches, foul balls, and unintentionally thrown bats, a fan should reasonably expect and assume that trash will be dropped on the premises by the thousands of other fans exiting the stadium at the end of a game. The risk of a cup sitting on the aisle steps is not an "unreasonable risk of harm" for one exiting a baseball stadium at the end of a game.[11]

The same rationale applies in the instant case. It is reasonable for a patron of the Macon Coliseum to encounter food on the ground near the concession stand at the end of a circus performance. In fact, Mayhue deposed that it is not uncommon to see debris on the ground at the facility and that he had left trash on the ground himself. Accordingly, we agree with the trial court that a container of nacho cheese on the floor of the Macon Coliseum does not pose an "unreasonable risk of harm" to a patron leaving the circus. Under the facts of this case, we hold that it would be unduly burdensome to require the Authority to prove that reasonable inspection procedures were in place and followed at the time of the incident.[12]

The burden therefore shifted to Mayhue to show how long the substance had been on the floor before he fell.[13] As Mayhue failed to meet this burden, summary judgment was appropriate.

*Judgment affirmed. Blackburn, C. J., and Pope, P. J., concur.*

DECIDED JANUARY 25, 2002.

*Buzzell, Graham & Welsh, Jeffrey N. Powers*, for appellants.
*Finley & Buckley, Jerald R. Hanks*, for appellee.

---

[9] 240 Ga. App. 751 (524 SE2d 801) (1999).
[10] Id. at 753.
[11] Id.
[12] Id.
[13] *Straughter*, supra at 30.