## A03A0347. MITCHELL et al. v. AUSTIN.
### (583 SE2d 249)

MIKELL, Judge.

Laura E. Austin slipped and fell while descending stairs leading outside a home rented by Mitch Ergas and owned by Kim and Toby Mitchell. Austin filed a premises liability action against the Mitchells to recover damages for her injuries, contending that the stairs violated applicable building codes and that the violations caused her injuries. The trial court denied the Mitchells' motion for summary judgment. We granted their application for interlocutory appeal and reverse for the reason set forth below.

> To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c). A *defendant* may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of the plaintiff's case. . . . Our review of an appeal from summary judgment is de novo.[1]

So viewed, the evidence shows that on October 17, 1999, upon exiting the Mitchells' premises, Austin fell on the outside staircase and landed on a concrete slab at the bottom. Austin deposed that she was holding onto the guardrail, that her foot slid off of the edge of the step, that she tried to catch herself, and that she ended up face down at the bottom of the stairs on her right shoulder. She was wearing tennis shoes, and the weather was overcast but dry.

Austin deposed that she had previously visited Ergas once or twice and had utilized the stairs without incident. She further deposed that on the date she fell, she had no problem negotiating the stairs when she entered the home. In addition, Austin could not recall anything about the nature or condition of the steps that caused her to slip. In her affidavit submitted in opposition to the Mitchells' summary judgment motion, Austin averred that she had "no immediate or apparent reason or explanation" for her fall. Therefore, she hired Dewie Blackmon, a building inspector, to inspect the stairs.

In his deposition, Blackmon testified that his inspection of the staircase revealed numerous violations of the applicable building

---

[1] *Yon v. Shimeall*, 257 Ga. App. 845, 846 (572 SE2d 694) (2002), citing *Hannah v. Hampton Auto Parts*, 234 Ga. App. 392 (506 SE2d 910) (1998).

code, 1995 CABO One and Two Family Dwelling Code ("CABO"),[2] including: (1) the lip of each step tread (the "nosing") had only a one-quarter inch overhang, instead of a three-quarter inch overhang;[3] (2) the tread depth of the steps was only nine and a quarter inches instead of ten inches;[4] (3) the guardrails were too low, being only 35 inches in height rather than 36 inches;[5] (4) the stairs were too narrow, being 33 and a quarter inches wide as opposed to 36 inches wide;[6] and (5) the openings between the railings on the guardrails were four and one-half inches rather than four inches.[7]

As to causation, Blackmon stated in an affidavit that the "insufficient nosing, opening onto the top step tread that was of an already insufficient depth of 9¼ [inches], combined with the top step being backed by a solid riser created an unsafe condition that probably contributed to Ms. Austin's fall." In his deposition, Blackmon explained that generally "additional nosing is required to prevent the descending individual from placing the heel too close to the solid riser which would contribute significantly to a fall." Later, he deposed that it was "possible" that the guardrail violation contributed to Austin's fall. Finally, however, Blackmon conceded that he did not want to assume how the fall occurred as he did not know, and that he was just testifying as to code violations which create conditions that are not safe for the general public. And, Blackmon testified, "I used that statement of contributing to Ms. Austin's fall. I shouldn't have used that statement. I should have said for the safety of the general public it should have been built by code." Finally, Blackmon testified that he wanted "to retract that statement about causing Ms. Austin to fall."

Ergas deposed that he saw Austin begin to descend the stairs and watched as she fell. However, he could not see her feet. Ergas testified that he and at least two other people had slipped, but not fallen, on the stairs before this incident. Prior to hearing Blackmon's opinion that the stairs were defective, Ergas was unaware of anything that might have caused or contributed to the slips and Austin's fall.

The Mitchells contend that the trial court erred in denying their motion for summary judgment because Austin failed to produce any evidence as to the specific cause of her fall. We agree.

---

[2] Blackmon deposed that CABO is a national residential building code which some states follow and some do not; Georgia follows CABO standards.

[3] CABO § 314.2.1. This section requires that each step tread lip has a three-quarter inch overhang in relation to its riser.

[4] CABO § 314.2.

[5] CABO § 315.3.

[6] CABO § 314.1.

[7] CABO § 315.4.

On the issue of the fact of causation, as on other issues essential to the cause of action for negligence, the plaintiff, in general, has the burden of proof. The plaintiff must introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result. A mere possibility of such causation is not enough; and when the matter remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to grant summary judgment for the defendant.[8]

In the case at bar, neither Austin nor her expert testified that any of the numerous code violations in the staircase caused or contributed to her fall. In fact, Austin's expert specifically retracted his deposition testimony that the defects in the stairs could have been a contributing factor. Accordingly, the Mitchells have carried their burden on summary judgment by showing that there is no evidence sufficient to create a jury question on the issue of causation. The trial court erred in ruling otherwise.

*Judgment reversed. Johnson, P. J., and Eldridge, J., concur.*

DECIDED JUNE 10, 2003.

*Downey & Cleveland, Russell B. Davis, Robert C. Harrison*, for appellants.

*Melanie A. Brubaker*, for appellee.

*Laura E. Austin*, pro se.

---

[8] (Citations omitted.) *Shadburn v. Whitlow*, 243 Ga. App. 555, 556-557 (533 SE2d 765) (2000). Accord *Moore v. Teague*, 255 Ga. App. 220, 222 (564 SE2d 817) (2002) ("Where the plaintiff cannot identify the cause of the fall, summary judgment is appropriate, as here, because causation cannot be established, and therefore, the defendant's knowledge of the dangerous condition, which actually caused the fall, cannot be shown as a precondition for liability."); *Avery v. Cleveland Avenue Motel*, 239 Ga. App. 644, 645 (1) (521 SE2d 668) (1999); *Christopher v. Donna's Country Store*, 236 Ga. App. 219 (1) (511 SE2d 579) (1999).