A07A1020. GIBSON v. HALPERN ENTERPRISES.
(655 SE2d 624)

PHIPPS, Judge.

After slipping and falling on gravel in a shopping center parking lot outside her workplace, Hazel Gibson brought this action for negligence against the shopping center owner, Halpern Enterprises. The trial court granted Halpern's motion for summary judgment, finding no evidence that Halpern had actual or constructive knowledge of the hazard. Gibson appeals, and because we find a jury question concerning whether Halpern had constructive knowledge, we reverse.

A party is entitled to summary judgment if that party demonstrates that no genuine issue of material fact remains and he is entitled to judgment as a matter of law.[1] The party "who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case."[2] We review a grant of summary judgment de novo, considering the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.[3]

Viewed in this light, the evidence shows that in March 2002, Halpern repaved the parking area of its shopping center. Gibson was employed by a retail store there. While at work on August 15, 2002, Gibson took several loads of cardboard boxes on a hand truck from the store to a dumpster at the edge of the property's parking area. This dumpster was intended for tenant use. Returning from her fourth trip to the dumpster, Gibson took a different route than before and, after stepping over a small bump in the pavement near the dumpster, slipped on some gravel on the pavement and fell down an incline, injuring herself.

The next day, Gibson's husband found on the slope in front of the dumpster "a significant amount of loose, round, pea sized asphalt gravel which was the same color as the slope." Three weeks later, Gibson's husband again saw gravel on the slope. Halpern's property manager testified that if gravel was on the slope it should have been cleaned up.

As an employee of one of Halpern's tenants, Gibson was an invitee on the property, and Halpern may be liable to her for "injuries

[1] OCGA § 9-11-56 (c).

[2] *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

[3] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

caused by [its] failure to exercise ordinary care in keeping the premises and approaches safe."[4]

> [T]o recover for injuries sustained in a slip-and-fall action, an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier.[5]

Halpern sought summary judgment only on the argument that Gibson could not establish the first prong of this test, Halpern's actual or constructive knowledge of the gravel.[6]

Gibson presented no evidence that any Halpern employee had actual knowledge of the gravel on the slope before the incident. Her claim, therefore, survives summary judgment only if there is some evidence in the record indicating that Halpern had constructive knowledge of the gravel on the slope prior to Gibson's fall.

> Constructive knowledge may be shown in two ways: by showing that an employee of the defendant was in the immediate vicinity of the fall and had an opportunity to correct the hazardous condition before the fall; or by showing that the substance had been on the [ground] for a sufficient length of time that it would have been discovered and removed had the proprietor exercised reasonable care in inspecting the premises.[7]

There is no evidence that any Halpern employee was present in the immediate area when Gibson fell. Instead, Gibson contends that Halpern had constructive knowledge of the gravel because it did not have in place a reasonable procedure for inspecting the parking lot, including the area near the dumpster, to make sure that it was free of hazardous conditions.

"Constructive knowledge may be inferred when there is evidence that the owner lacked a reasonable inspection procedure,"[8] and in the context of summary judgment the owner must demonstrate its

---

[4] OCGA § 51-3-1; see also *N. L. Indus. v. Madison*, 176 Ga. App. 451, 454 (1) (336 SE2d 574) (1985) (employee of vessel was invitee on dock upon which vessel was moored).

[5] *Robinson v. Kroger Co.*, 268 Ga. 735, 748-749 (2) (b) (493 SE2d 403) (1997).

[6] The parties have not presented any arguments below or on appeal concerning the second prong of this test, Gibson's exercise of ordinary care.

[7] *Bolton v. Wal-Mart Stores*, 257 Ga. App. 198 (570 SE2d 643) (2002) (citations omitted).

[8] *Davis v. Bruno's Supermarkets*, 263 Ga. App. 147, 148 (1) (587 SE2d 279) (2003) (citation omitted).

reasonable inspection procedure before the plaintiff is required to show how long the hazard had been present.[9] The owner must show "not only that it had a reasonable inspection program in place, but that such program was actually carried out at the time of the incident."[10]

The evidence shows that Halpern had arranged for a cleaning company to sweep the parking lot, including the dumpster area, every day. Halpern's property manager testified that he visited the property at least once a week; on these visits he checked the work done by the cleaning company by walking the property, including the dumpster area. The manager never asked the cleaning company to return to the property because of an unsatisfactory cleaning job. The manager, however, could not testify to whether the cleaning crew actually swept the property daily, as called for in Halpern's procedures. Gibson has not presented any evidence to contradict the manager's testimony, and her supposition that he did not actually inspect the property — based on a lack of documentation and the manager's inability to recall specific instances of inspection — does not defeat summary judgment.[11]

Gibson stresses the lack of any evidence that the property manager inspected the property on the day of her fall. But whether the inspection occurred on that specific day is not relevant unless a reasonable inspection procedure would have required a daily inspection. The specific facts and circumstances of a case determine the reasonability of an inspection procedure.[12] "[I]n the fulfillment of the duty to inspect the premises and keep it safe from defects, . . . the law requires only that the proprietor exercise ordinary care, not extraordinary care."[13] If a "slip and fall occurs in an area that the proprietor has no reason to believe is dangerous, the proprietor is under no duty to constantly inspect [that] area."[14] Likewise, a proprietor has no duty to engage in an unduly burdensome inspection procedure.[15] We

---

[9] Id. at 148-149 (1).

[10] Id. at 148 (1) (citation omitted).

[11] See *Mitchell v. Austin*, 261 Ga. App. 585, 587 (583 SE2d 249) (2003) (evidence to defeat summary judgment must be more than mere possibility or speculation).

[12] See *J. H. Harvey Co. v. Reddick*, 240 Ga. App. 466, 471 (1) (b) (522 SE2d 749) (1999).

[13] *Armenise v. Adventist Health System/Sunbelt*, 219 Ga. App. 591, 593 (466 SE2d 58) (1995), citing OCGA § 51-3-1.

[14] *Quarles v. Ga. Svc. Systems*, 263 Ga. App. 563, 565 (588 SE2d 338) (2003); compare *Crook v. RaceTrac Petroleum*, 257 Ga. App. 179, 181 (570 SE2d 584) (2002) (inspections more frequently than every two hours may be necessary for business which, by its nature, is likely to produce hazards).

[15] See *Daniels v. Atlanta Nat. League Baseball Club*, 240 Ga. App. 751, 753 (524 SE2d 801) (1999) (no duty to inspect stadium for hazards during exodus of spectators from sporting event).

have held that, under some circumstances, a weekly inspection can constitute ordinary care.[16]

While we cannot hold that, as a matter of law, Halpern must show that it inspected the property on the day of the accident to avoid liability, we also cannot hold that, as a matter of law, Halpern's procedure of having the property manager inspect the property weekly was reasonable. Our Supreme Court in *Robinson v. Kroger Co.*[17] instructed that the "routine" issues of premises liability, such as the negligence of the parties, "are generally not susceptible of summary adjudication, and . . . summary judgment is granted only when the evidence is plain, palpable, and undisputed."[18]

Halpern has presented evidence that it had a weekly inspection procedure and that its property manager performed the weekly inspections, but it has not presented any evidence to establish that, as a matter of law, the frequency and extent of the inspections were reasonable under the circumstances. Our decision in *Chastain v. CF Ga. North DeKalb, L.P.*,[19] cited by the court below, does not compel a different result; it concerned a hazard that could not have been detected despite the property owner's reasonable policy of continuous inspections,[20] whereas here there is a question of fact about whether the gravel could have been detected on reasonable inspection.

Because jury questions exist as to whether Halpern's inspection procedure was reasonable, we cannot hold that as a matter of law Halpern lacked constructive knowledge of the hazard.

*Judgment reversed. Johnson, P. J., and Mikell, J., concur.*

## ON MOTION FOR RECONSIDERATION.

Halpern Enterprises has moved for reconsideration of our decision, arguing that *Patrick v. Macon Housing Auth.*[21] and *Armenise v. Adventist Health System/Sunbelt*[22] require us to find that its inspection procedure was reasonable as a matter of law. These cases are distinguishable on their facts. *Patrick* involved the reasonability of a procedure that called for an inspection every two hours.[23] *Armenise*

---

[16] See *Armenise*, supra at 593-594 (no constructive knowledge as matter of law concerning depression in grassy area of property, which was not obvious and which had not been discovered during weekly inspections).

[17] Supra.

[18] Id. at 748 (2) (b); see *Dumas v. Tripps of N.C.*, 229 Ga. App. 814, 817 (2) (495 SE2d 129) (1997).

[19] 256 Ga. App. 802 (569 SE2d 914) (2002).

[20] Id. at 804.

[21] 250 Ga. App. 806 (552 SE2d 455) (2001).

[22] Supra.

[23] *Patrick*, supra at 812-813.

involved a hidden hazard that could not have been discovered through the exercise of ordinary care.[24] Neither case mandates a finding that, as a matter of law, Halpern's procedure of weekly inspecting its shopping center parking lot was reasonable in its frequency or extent.

*Motion for reconsideration denied.*

DECIDED NOVEMBER 15, 2007 —
RECONSIDERATION DENIED DECEMBER 7, 2007.

*Webb & Zagoria, Michael G. Webb,* for appellant.

*Buckley Brown, Timothy J. Buckley III, Kelly L. Christopher,* for appellee.

---

[24] *Armenise,* supra at 594.