**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**March 5, 2014**

# In the Court of Appeals of Georgia

A13A1987. BRYAN BANK & TRUST v. STEELE.

BOGGS, Judge.

In this premises liability action, we granted Bryan Bank & Trust's ("the Bank's") application for interlocutory review of the trial court's denial of its motion for summary judgment. Because the plaintiff, Bonnie Steele, failed to point to specific evidence of the existence of a hazard, and therefore failed to establish causation, the trial court erred in denying the Bank's motion for summary judgment. We therefore reverse.

"On appeal from the denial of summary judgment the appellate court is to conduct a de novo review of the evidence to determine whether there exists a genuine issue of material fact, and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law." (Citations

and punctuation omitted.) *Hood v. Todd*, 287 Ga. 164, 165 (695 SE2d 31) (2010); see OCGA § 9-11-56 (c).

> A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. OCGA § 9-11-56 (e).

*Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

Viewed in the light most favorable to Steele, the record reveals that she fell while on the sidewalk of the Bank and was injured as a result. She deposed that she pulled into the Bank parking lot, parked in front of the Bank, walked along the sidewalk, and entered the Bank without incident. She recalled seeing a "very noticeable," two to three-inch-high, black edging or border around a flower bed beside the sidewalk prior to her fall: "It was a metal . . . edging around the flowers, or around the flower beds." After conducting business inside the Bank, Steele walked out of the Bank and down the sidewalk, taking the same route as she did upon entering the Bank, and suddenly fell and landed on her back: "all of a sudden I found

2

myself just laying on the ground." When asked if her foot caught on something or if she bumped into anything, Steele replied, "It is not really clear to me . . . . I just remember falling and trying to get up." And when asked if she knew what caused her to fall, Steele stated: "I really believe it was the - - the fencing. Because when they finally got me up to bring me back in the bank . . . I did look down, and it looked like the fence was protruding out on the sidewalk . . . it looked like something had been moved." But Steele acknowledged that the fencing could have been moved as a result of her fall. She explained further, "I don't know if [the border] had been moved or not, but it looked - - it just looked like it was protruding. And it could have been from me." Steele could not state for certain that the fencing was on the sidewalk before or after she fell.

1. The Bank contends that the trial court erred in denying its motion for summary judgment because Steele failed to establish that a hazardous condition existed. We agree.

> With regard to premises-liability actions, Georgia law makes clear that while an owner or occupier of land has a statutory duty to keep its approaches and premises in a reasonably safe condition for invitees, an owner or occupier of land is not an insurer of the safety of its invitees. Accordingly, the threshold point of our inquiry in a slip-and-fall case is the existence of a hazardous condition on the premises. And it is well

3

established that proof of a fall, without more, does not create liability on the part of a proprietor or landowner, because it is common knowledge that people fall on the best of sidewalks and floors. Thus, when the plaintiff cannot show the existence of a hazardous condition, she cannot prove the cause of her injuries and there can be no recovery because an essential element of negligence cannot be proven.

(Citations, punctuation and footnotes omitted.) *Taylor v. Thunderbird Lanes*, 324 Ga. App. 167, 169-170 (1) (748 SE2d 308) (2013).

The Bank contends that Steele presented no evidence of a hazardous condition. Steele argues that "it must be inferred the landscape border protruded onto the sidewalk prior to her fall thus providing the necessary competent evidence of the defect." She asserts that the facts here are analogous to the facts in *J.H. Harvey Co. v. Reddick*, 240 Ga. App. 466 (522 SE2d 749) (1999).

In that case, the plaintiff, Reddick, slipped and fell while shopping in a grocery store. Id. at 467 (1). She did not know what caused her fall, but testified that she stepped on something slippery and assumed it was grapes because she saw two scuppernongs on the floor as she was getting up. Id. Reddick did not know whether she actually stepped on the scuppernongs, but a store manager saw two scuppernong skins on the floor in the aisle where Reddick had fallen, which was a considerable

4

distance from the produce aisle where scuppernongs were sold. Id. at 467-468 (1). The store had an ongoing problem with customers discarding half-eaten food on the floor. Id. This court held that Reddick presented evidence of a foreign substance that could have created the slippery condition she alleged. Id. at 469 (1) (a).

> Although Reddick could not positively state that the scuppernongs caused her to fall, reasonable jurors could make such an inference based on the proximity of the fruit to Reddick after the fall, the alleged "slippery" condition of the floor, and the assistant manager's statement after Reddick's fall that he saw scuppernong skins, rather than whole fruit.

Id.

It is true that like the customer in *J.H. Harvey*, Steele was unsure about what exactly caused her to fall and assumed it was the fencing because it "looked like" it was protruding onto the sidewalk after her fall. But in that case there was "some evidence beyond speculation that a condition of the premises *caused* the fall," (emphasis in original) *Imperial Investments Doraville v. Childers*, 303 Ga. App. 490, 492 (1) (693 SE2d 834) (2010), specifically the scuppernong skins in the aisle showing that the fruit had been crushed, possibly by the plaintiff stepping on it, and her testimony that she "stepped on something slippery" that caused her to fall.

Here, in contrast, Steele did not know how she fell or what caused her to fall. She cannot aver that she tripped or even that she struck her foot against something. She assumes she tripped on the fence border, but she admits that her fall may have caused it to move. Steele's evidence of the cause of her fall is only "admitted speculation." See *Avery v. Cleveland Ave. Motel*, 239 Ga. App. 644, 645 (1) (521 SE2d 668) (1999) (plaintiff's admitted speculation that she may have tripped on worn carpeting does not sufficiently establish causation).

The facts here are more analogous to the facts in *Childers*, supra, where the plaintiff assumed that he stumbled over a raised piece of carpet that he had observed was "'wrinkly,'" but he "never testified directly that he knew that he fell over the carpet." Id. at 490. Steele speculates that she tripped over the fencing, although she could not recall bumping into anything, or her foot catching on anything. There is no evidence that the fencing was on the sidewalk prior to her fall, and she did not state with certainty that the fencing was on the sidewalk after her fall, rather she explained that she did not know if the fencing had been moved at all, and twice stated only that "it *looked like* the fence was protruding on the sidewalk," and it "*looked like* something had been moved," and she "can't say for sure." (Emphasis supplied.) There

6

was no other evidence establishing the presence of the fencing on the sidewalk at the time Steele fell.

Under these circumstances, in the absence of evidence directly connecting a defect with Steele's fall, causation is not established. The trial court therefore erred in denying the Bank's motion for summary judgment on this ground.

2. In light of our holding in Division 1 that Steele failed to point to a genuine issue of material fact with regard to causation, we need not address the Bank's alternative arguments that Steele had superior knowledge of any alleged hazardous condition, and that she failed to exercise ordinary care for her own safety. See *Thunderbird Lanes*, supra, 324 Ga. App. at 171 (2).

*Judgment reversed. Doyle, P. J., and McFadden, J., concur.*