**FIRST DIVISION
PHIPPS, C. J.,
ELLINGTON, P. J., and MCMILLIAN, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**November 21, 2014**

# In the Court of Appeals of Georgia

A14A0849. CANAAN LAND PROPERTIES, INC. et al. v. HERRINGTON.

PHIPPS, Chief Judge.

We granted an application for interlocutory appeal to review the denial of a motion for summary judgment filed by Canaan Land Properties, Inc., Rick Poppell, and Fred's Stores of Tennessee (collectively "Canaan Land") in this premises liability action brought by Carol Steve Herrington. In his complaint, Herrington alleged that Canaan Land was liable for injuries he suffered after he fell on uneven pavement in the parking lot of a Fred's store.[1] Because Herrington failed to point to evidence establishing that the uneven pavement caused him to fall, the trial court erred in denying Canaan Land's motion for summary judgment. We therefore reverse.

---

[1] Herrington alleged that Canaan Land Properties was the record owner of the premises, and that Fred's Stores of Tennessee was the lessee.

On appeal from the denial of summary judgment the appellate court is to conduct a de novo review of the evidence to determine whether there exists a genuine issue of material fact, and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.[2]

A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on [his] pleadings, but rather must point to specific evidence giving rise to a triable issue.[3]

Viewed in the light most favorable to Herrington,[4] the record reveals the following. Herrington deposed that he went to Fred's store on January 12, 2011, minutes before it closed for the evening. After shopping, he exited the store and pushed a shopping cart containing groceries through the store parking lot to return to

---

[2] *Hood v. Todd*, 287 Ga. 164, 165 (695 SE2d 31) (2010) (citation and punctuation omitted); *Bryan Bank & Trust v. Steele*, 326 Ga. App. 13 (755 SE2d 828) (2014).

[3] *Bryan Bank & Trust*, supra.

[4] See *Hood*, supra.

his vehicle. As he approached his vehicle, the shopping cart jerked or turned quickly to the left, and a rear wheel on the cart caught his foot, tripping him. Still holding onto the cart, Herrington fell, injuring his arm and turning the cart over. Herrington did not know immediately what had caused the cart to turn suddenly to the left. He telephoned his sister, who drove him from the store parking lot to a hospital for treatment. In the meantime, Herrington left his vehicle in the store parking lot.

Several hours later, after receiving medical attention, Herrington returned to the store parking lot. He looked to "see if any of my stuff was still out there," "and to see if there was anything out there that made the buggy turn to the left and trip me." In doing so, Herrington noticed, for the first time, that there was a hole or divot in the ground about 14 inches from his vehicle's rear bumper. He concluded that "[i]t had to be the hole" that had caused the cart to turn to the left. He observed that there were also cigarette butts, "pieces of garbage,"and sand near his vehicle. Before he fell, he had not noticed anything, such as uneven pavement or debris, that he thought made the parking lot unsafe. When asked about his determination that the divot had caused the cart to turn to the left, Herrington deposed, "That's the only thing that could have other than the trash in the parking lot."

Then, when asked if something other than the divot could have caused the cart to turn, such as trash or sand, the following transpired:

A. [Herrington]. All I know, it was something in the parking lot.
Q. But you don't know what exactly?
A. It had to be the hole.
...
Q. It couldn't have been the sand?
A. All I know is there was just something in the parking lot that caught it. Apparently there's many hazards out there that I didn't know of until after my injury.

The following also transpired in Herrington's deposition.

Q. [Y]ou don't even know that your buggy made contact with that divot, do you?
A. Well, apparently it did, I fell.
Q. But do you know one way or another as you sit here whether your buggy actually touched that divot or not or whether it turned for some other reason?
A. All I know is it tripped me. It jerked to the left and tripped me. It caught my right foot.
Q. You're talking about the cart?
A. The cart. The shopping cart.
Q. But what I'm asking about is the hole. As we sit here today, you can't tell me whether that shopping cart turned to the left because of that divot or for some other reason. Isn't that true?

4

A. All I know, it was the divot. It had to be. I mean, that's all I know.

A store employee testified on deposition that there was an indentation or divot that was about two to three inches in diameter in the area in which Herrington's vehicle had been parked; at the time of the deposition (May 2012), the divot had been there "for some time."

1. Canaan Land contends that the trial court erred in denying its motion for summary judgment because Herrington failed to present sufficient evidence of causation. We agree.

> Causation is always an essential element in slip or trip and fall cases. Where the plaintiff does not know of a cause or cannot prove the cause, there can be no recovery because an essential element of negligence cannot be proven. A mere possibility of causation is not enough and when the matter remains one of pure speculation or conjecture and the probabilities are at best evenly balanced it is appropriate for the court to grant summary judgment to the defendant.[5]

Although Herrington alleges that his fall was caused by a static condition - "uneven pavement" or "some sort of hole" caused the cart "to dip and then flip over,"

---

[5] *Pennington v. WJI, LLC,* 263 Ga. App. 758, 760 (1) (589 SE2d 259) (2003) (footnotes omitted); see *Shadburn v. Whitlow,* 243 Ga. App. 555, 556-557 (533 SE2d 765) (2000); *Jackson v. K-Mart Corp.,* 242 Ga. App. 274, 275-276 (529 SE2d 404) (2000).

5

and that a wheel "became lodged in a hole" - he has not shown more than a mere possibility that such a defect caused him to fall.

When asked on deposition about his conclusion that the hole apparently caused the cart to jerk to the left (with the result being that a wheel tripped him and caused him to fall), Herrington acknowledged that trash could have caused the sudden turn. He testified, "All I know is [the shopping cart] tripped me," and that "it was something in the parking lot" that had caused the cart to turn. Indeed, he concedes in his appellate brief that he "could not be certain exactly what caused [the] cart to flip over," just that "some defect in the parking lot caused the wheel of his shopping cart to dip and then flip the shopping cart."

Herrington points to the following evidence as establishing that the hole in the parking lot caused his fall. A store employee testified that Herrington told her the day after the incident that a hole in the parking lot had caused him to fall. But Herrington disputed the employee's testimony, deposing that he had never told the employee about the hole in the parking lot. Further, as set out above, Herrington acknowledged on deposition that some other condition may have caused him to fall.

Herrington also relies on an investigator's affidavit as "solidif[ying] the hole in the parking lot as the cause of [the] injury." Herrington states that the investigator,

whom he had retained, pushed a shopping cart over the hole and found that "it caused a wheel of the cart to become stuck and destabilized the cart." However, the inspection occurred two years after the incident; the investigator admitted that he could not testify as to the condition of the hole at the time of the fall. And, the cart merely came to a stop in the hole during the exercise, an outcome different from that experienced by Herrington. Notably, the investigator admitted that he had no expertise in reconstructing incidents.

"[A]lthough the plaintiff is entitled to the benefit of all reasonable inferences to be drawn from the evidence, such inferences cannot be based on mere conjecture or possibility or upon evidence which is too uncertain or speculative."[6] "The plaintiff must introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result. A mere possibility of such causation is not enough."[7]

Herrington has pointed to a mere possibility of causation, with the matter remaining one of pure speculation or conjecture, or the probabilities being at best

---

[6] *Adamson v. General Electric Co.*, 303 Ga. App. 741, 744, 746-747 (3) (694 SE2d 363) (2010) (citation and punctuation omitted); see *Shadburn*, supra.

[7] *Avery v. Cleveland Ave. Motel*, 239 Ga. App. 644, 645 (1) (521 SE2d 668) (1999) (citations and punctuation omitted).

evenly balanced.[8] "The mere existence of a defect in the [parking lot] in the area of [his trip and] fall could not establish causation."[9] Thus, Canaan Land was entitled to summary judgment.[10]

---

[8] See Bryan Bank & Trust, supra at 15 (1); *Shadburn*, supra; *Avery*, supra (plaintiff failed to establish causation where she testified that she was not certain what caused her to fall, though she speculated that her fall may have been caused by worn and frayed carpeting which she noticed at the top of the stairwell after her fall).

[9] *Imperial Invs. Doraville v. Childers*, 303 Ga. App. 490, 493 (1) (693 SE2d 834) (2010) (citation omitted).

[10] See *Taylor v. Thunderbird Lanes, LLC*, 324 Ga. App. 167, 170-171 (1) (748 SE2d 308) (2013) (defendant was entitled to summary judgment where plaintiff "offer[ed] only conjecture to support her conclusion that oil on the . . . bowling lane's foul line caused her to fall"; plaintiff's son noticed oil on the floor after the fall, but plaintiff "did not know for a fact" that the oil had caused her to fall); *Bryan Bank & Trust*, supra (defendant was entitled to summary judgment where plaintiff "believe[d]" that a landscape border next to a sidewalk had caused her to fall, as it was protruding onto the sidewalk after the fall, but she was not certain what had caused her to fall; evidence of the cause of the fall was only speculation, and causation was not established); *Willingham Loan & Realty Co. v. Washington*, 311 Ga. App. 535, 536-537 (716 SE2d 585) (2011) (plaintiff alleged that the defendants were negligent for failing to maintain the stairs on which she fell; there was evidence of an accumulation of ice on the stairs, and plaintiff had previously complained to defendants about broken and loose steps; plaintiff deposed that she was unable to state what had caused her to fall, though it was "possible" that the condition of the steps was the cause; because the evidence had raised a mere possibility that a defect in the stairs had caused her fall, the trial court erred in denying the defendants' motion for summary judgment); see generally *Imperial Invs. Doraville*, supra (defendant was entitled to a directed verdict where plaintiff assumed that he had stumbled over a raised piece of carpet that he had observed was "wrinkly," but he never testified that he knew that he fell over the carpet).

Relying on *Pennington v. WJL, LLC*,[11] Herrington contends that he has satisfied the causation element despite lacking "absolute certainty" as to what caused him to fall. But *Pennington* does not support Herrington's contention. In that case, the plaintiff (whose fingers had been severed by an overhead door after he lost his balance and tried to catch himself),[12] deposed that he "may have stumbled on [some] hoses" on the floor;[13] he asserted that common sense and logic dictate that the hoses caused him to fall because the hoses seemed to be the only explanation; and a worker had to kneel down on the hoses to retrieve the plaintiff's fingers.[14] This court held that the evidence presented could not defeat summary judgment, inasmuch as the plaintiff had relied on "nothing more than speculation and conjecture with respect to causation."[15]

---

[11] Supra.

[12] Id. at 758-759.

[13] Id. at 760 (1).

[14] Id. at 759.

[15] Id. at 761 (2) (footnote omitted).

9

2. In light of our holding in Division 1,[16] that Herrington failed to point to a genuine issue of material fact with regard to causation, we need not address Canaan Land's argument that Herrington had superior knowledge of any alleged hazardous condition, and that he failed to exercise ordinary care for his own safety.

*Judgment reversed. Ellington, P. J., and McMillian, J., concur.*

---

[16] Supra.