Miller, Presiding Judge,
concurring specially.
I agree with the majority opinion’s bottom line that the trial court erred in denying Martin and Colston’s motions for summary judgment. I must write separately, however, to clarify the legal basis upon which I would rely to reverse this case. Since plaintiffs have failed to establish that the misplaced exhaust vent was the cause of the carbon monoxide exposure the children experienced, I would respectfully reverse.
*214 The majority finds that plaintiffs failed to establish duty as an element of their prima facie case, but this is an issue not raised by the parties nor ruled on by the trial court in its order.[23] Part of our review on appeal is to determine the scope of the issues properly before this Court, and we should not address issues that were not advanced by the parties or ruled on by the trial court. See Safe Shield Workwear v. Shubee, Inc., 296 Ga. App. 498, 500 (2) (675 SE2d 249) (2009) (this Court is for “the correction of errors of law committed in the trial court”) (citation omitted); Lowery v. Atlanta Heart Assoc., 266 Ga. App. 402, 404-405 (2) (597 SE2d 494) (2004) (citing City of Gainesville v. Dodd, 275 Ga. 834 (573 SE2d 369) (2002)) (“Although under the ‘right for any reason’ rule this court will affirm the correct ruling of a trial court on grounds not addressed below, we do not apply a ‘wrong for any reason’rule to reverse incorrect rulings on issues not raised or ruled upon in the trial court.”). For these reasons, I would decide the appeal on the element of causation, as it was raised and ruled upon by the trial court.
As the majority correctly notes, “[t]o recover for injuries caused by another’s negligence, a plaintiff must show four elements: a duty, . . . breach of that duty, causation and damages.” (Citation omitted.) Webb v. Day, 273 Ga. App. 491, 494 (3) (615 SE2d 570) (2005).
On the issue of the fact of causation, as on other issues essential to the cause of action for negligence, the plaintiff, in general, has the burden of proof. The plaintiff must introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result. A mere possibility of such causation is not enough; and when the matter remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to grant summary judgment for the defendant.
(Citation and footnote omitted.) Mitchell v. Austin, 261 Ga. App. 585, 587 (583 SE2d 249) (2003).
Here, plaintiffs have failed to introduce any evidence that the improperly placed exhaust vent was a source of carbon monoxide, let alone the source that caused injury to the children. Plaintiffs attempt *215 to establish this causal link through the testimony of the children’s pediatrician. But his opinion is insufficient to link the children’s exposure to carbon monoxide to the improperly placed exhaust vent. The only basis for identifying the exhaust vent as the source of the carbon monoxide release is through pure speculation and conjecture, and this cannot save plaintiffs from summary judgment. See Mitchell, supra, 261 Ga. App. at 587.
Decided June 29, 2017.
Womack, Gottlieb & Rodham, Ronald R. Womack, Steven M. Rodham, for appellants.
H. L. Cromartie III, Matthew W. Hurst, K. Drew Parrish-Bennett, for appellees.
Plaintiffs raised the issue of causation below, and the trial court erred when it ruled that the issue of causation was properly for the jury Consequently, I would reverse the trial court’s denial of Martin and Colston’s summary judgment motions on this ground.

 The trial court did analyze the issue of duty, but it did so in the context of analyzing defendants’ burden to establish the affirmative defense of official immunity, not in the context of determining whether plaintiffs met their burden to establish their prima facie case. These are two separate inquiries.